*J. N. Sims*, for the appellants.

----

### ENSLEY and Another *v.* PATTERSON.

Where money, lent to be wagered upon the result of an election, is the consideration of a note given for its repayment, and the maker is sued upon the note, and relies upon the illegality of the transaction to defeat a recovery, he must aver, in his answer, that the money was "lent at the time of such wager."

APPEAL from the *Shelby* Common Pleas.

HANNA, J.—Suit on a note dated November 7, 1856. Answer, admitting the execution of the note, but averring that it was given for an illegal consideration, viz.: "The sum of one hundred dollars, given to these defendants for the purpose of betting and wagering on the result of the

gubernatorial election in 1856, to be determined at the biennial election in the month of October, 1856, and that the payee of said note, at the time he took said note, and gave defendants said money, directed and authorized them to bet and wager said money on said election, and for the purpose of wagering it, gave it to them, knowing that they would do so ; and that, in pursuance of said direction and understanding of said payee, they did wager," etc., and lost and paid, etc.

There was a demurrer sustained to this paragraph of the answer, which ruling presents the only point in the case.

It will be observed that the date of the note, which is made a part of the complaint, is after the decision of the question upon which the wager was made, viz.: the October election. The first question is, then: Whether the answer thus framed is not so contradictory as to render it uncertain whether the money was lent for the purpose named? The form of the pleading appears to admit the execution of the note at its date. It is averred, that at the time the payee "took said note and gave defendants said money, he directed," etc., that it was for the purpose of being wagered on the election for governor, "to be determined at the biennial election in the month of October, 1856." Not to be determined by a canvass of the return of the votes cast at the said October election, before the execution of said note, but the language would imply that it was to be determined by an event which was to transpire in the future— but one which, in point of fact, was already past. The question upon this point is not without difficulty, and as it is not necessary to the determination of the validity of this answer, we will not decide it.

The next question arises upon the construction of our statute, as applied to the facts pleaded, touching "gaming contracts." 1 R. S. 305. The first part of sec. 1 declares, all notes, etc., when the consideration, etc., is for money won, etc., to be void. The second part is framed with

Ensley and Another *v.* Patterson.

reference to the first, and likewise declares void all notes, etc., " for repaying any money lent at the time of such wager, for the purpose of being wagered."

Do the facts pleaded bring this transaction within this statute, as to the time the loan was made and the wager entered into?

We might remark, in passing, that the doctrine laid down in *Armstrong* v. *Toler*, 11 Wheat. 272, that " No action can be maintained on a contract, the consideration of which is either wicked in itself, or prohibited by law," is, no doubt correct; so, in regard to the principle laid down in Parsons on Cont., 253, 2d vol., that " All contracts which provide that any thing shall be done which is distinctly prohibited by law, or morality, or public policy, are void." The trouble is, who are to fix the standard or rule by which we are to determine whether any given state of facts falls within these prohibitions?

We suppose the legislative power, acting within the sphere of its authority, can point out the acts which shall fix upon a transaction the stain of illegality, and the degree of evidence that shall be necessary to establish such acts. For instance, in this case, a note for the loan of money to be wagered, that is, " for the purpose of being wagered," is a void contract; but, as much controversy might arise in reference to the question, whether that was the purpose for which the loan was made, they have said that the money must be " lent at the time of such wager." Is that fact sufficiently averred in the answer? We do not think it is; whatever might have been the ruling, without this statute, it seems that the legislature, having legislated upon this subject, and prescribed a rule, however limited it may be considered, yet it should be our guide.

*Per Curiam.*—Judgment is affirmed, with costs and five per cent. damages.

*T. A. McFarland* and *J. L. Montgomery*, for the appellants.