## STINGLEY ET AL. *v.* THE SECOND NATIONAL BANK OF LAFAYETTE.

PROMISSORY NOTE.—*Attorney's Fees.*—*Pleading.*—In a promissory note, a provision for the payment of attorney's fees, if suit be instituted on the note, is valid; and if it were invalid, a complaint on the note would not be rendered insufficient by a clause alleging the value of the attorney's fees.

PRACTICE.— *Trial Without Issue.*— Where the parties to an action, without objection, go to trial without an issue formed upon the complaint, the defendant can not, after verdict, complain of the want of an issue.

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—This was an action by the appellee against the appellants on a promissory note, by which they promise to pay a certain sum of money with ten per cent. interest after maturity, the interest until maturity, at that rate, having been paid in advance, and attorney's fees if suit was brought on the note. The complaint is in two paragraphs. The second alleges the value of the attorney's fees to be

one hundred dollars. The first has no allegation as to the value thereof. The defendants answered the first paragraph of the complaint by a general denial, and demurred to the second paragraph, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. By agreement of the parties, the cause was then submitted to the court for trial without a jury, and there was a finding for the plaintiff, for the amount of the note and the attorney's fees. The defendants asked the court to set aside the verdict and grant a new trial, which the court refused to do, but rendered judgment for the amount of the finding and costs.

The errors assigned are the overruling of the demurrer to the second paragraph of the complaint, overruling the motion for a new trial, and proceeding to the trial of the cause without an issue upon the second paragraph of the complaint.

There was no error in overruling the demurrer to the second paragraph of the complaint. The objection made to it by counsel for the appellant, that the clause in the note for the payment of attorney's fees rendered the note usurious and the second paragraph of the complaint therefore bad, can not be sustained. If that clause was conceded to be invalid, the promise to pay the principal sum mentioned in the note would constitute a valid and sufficient cause of action. But such a stipulation in a note has been too often held valid by this court to admit of serious question now. *Smith* v. *Silvers*, 32 Ind. 321; *Stoneman* v. *Pyle*, 35 Ind. 103; *The First National Bank, etc.*, v. *Canatsey*, 34 Ind. 149. Other cases might be cited.

The question relating to the attorney's fees was presented in the motion for a new trial, the evidence in proof of the amount of the fees having been objected to on the trial, and admitted over the defendant's objection. This is the only point presented under this assignment of error, and we need not say anything in disposing of it in addition to what we have already said.

With reference to the third alleged error, that is, proceeding to trial without an issue formed on the second paragraph of the complaint, it is only necessary to say that it, too, has been frequently decided by this court. There are many cases in the early volumes of the decisions of this court holding that it is error to go to trial without an issue. But under the more liberal, and perhaps more just system introduced by the code, it has, for many years, been held, that where the parties go to trial without an issue and without objection, the error is waived. *Train* v. *Gridley*, 36 Ind. 241, and cases cited.

The judgment is affirmed, with eight per cent. damages and costs.

*R. C. Gregory*, for appellants.

*S. A. Huff* and *B. W. Langdon*, for appellee.