## CASAD ET AL. v. HOLDRIDGE.

PLEADING.—*Evidence.*—*General Denial.*—Evidence that the consideration of a note is illegal cannot be given under the general denial. It is a defence that must be specially pleaded.

SAME.—*Waiver.*—If parties go to trial without an answer to a cross complaint, it will be deemed to have been controverted, as if a denial had been filed.

From the White Circuit Court.

*F. B. Everett, S. A. Huff,* and *B. W. Langdon,* for appellants.

WORDEN, J.—George Holdridge, Jacob S. Casad, and Samuel Casad were brought into court at the suit of Robert Gregory, and required to interplead and settle their respective rights in respect to a note which had been placed in the hands of said Gregory. The note is as follows:

" $300. Six months after date, I promise to pay to George Holdridge, or order, the sum of three hundred dollars, for value received, waiving valuation or appraisement laws.

" December 3d, 1869.　　　　　　J. S. CASAD.

"SAMUEL CASAD."

Holdridge filed an answer in the nature of a cross complaint against the Casads, claiming the note, setting out a copy thereof, and demanding judgment for the amount due thereon.

The issues joined were submitted to the court for trial, and the court found for Holdridge, and rendered judgment in his favor, for the amount due on the note, against the Casads, who unsuccessfully moved for a new trial.

Jacob Casad and John, the administrator of Samuel, who has deceased since the judgment below, appeal to this court, and have assigned for error the overruling of the motion for a new trial.

The only objection urged to the recovery below is, that the note was based upon an illegal consideration, and is therefore void. We think, however, that no question of this sort is

VOL. L.—34

legitimately in the record. If the consideration of the note was illegal, that was an affirmative defence, and should have been pleaded specially. There is no such answer in the record. Evidence of such defence could not be given under the general denial. Indeed, unless we have overlooked it, there is no answer in the record of any kind to the cross complaint of Holdridge. But by going to trial without an answer, it will be deemed to have been controverted, as if a denial had been filed. *Pattison* v. *Vaughan*, 40 Ind. 253; *Stingley* v. *The Second National Bank of Lafayette*, 42 Ind. 580; *Waugh* v. *Waugh*, 47 Ind. 580. A number of other authorities might be cited upon the same point.

We must regard the case, then, in the same light as if an issue had been joined by a denial of Holdridge's cross complaint. That was the issue which a jury would have been sworn to try, had the case been tried by a jury. It was the issue which the court was called upon to try. Within that issue, no question could be raised as to the legality of the consideration of the note. Perhaps the parties might have agreed to admit all matters of defence in evidence under the general denial, or without pleading at all; but no such agreement appears to have been made. The trial was a judicial examination of the issue joined. 2 G. & H. 196, sec. 319. It was not an examination of matters not involved in the issue. A new trial could be but a re-examination of the same issue, unless new issues should be formed. If there was evidence given showing that the consideration of the note was illegal, we cannot say that the court did not find for Holdridge on the ground that the legality of the consideration was not involved in the issue which the court was called upon to try. Much less can we say that such action was erroneous. Whatever might have been the case, had the finding been otherwise, it was clearly not error for the court, in its finding, to keep within, and not go beyond, the issue submitted.

The judgment below is affirmed, with costs.