## DENBO *v.* WRIGHT, ADM'R.

WITNESS.— *Widow.*—On the trial of an action against an administrator for the enforcement of a claim against the estate represented by him, the widow of the decedent is a competent witness to testify to the making of a settlement of the matter in controversy by her husband and the plaintiff in her presence and hearing.

SAME.—*Administrator.—Incompetent Witness Testifying Without Objection.*— On such a trial, it is error to permit the administrator to testify as a witness in his own behalf, without having been required to testify by the opposite party or by the court; but if he be permitted to so testify without objection or exception on the part of the adverse party, and no motion be made to strike out such evidence, the error will be waived.

EVIDENCE.—*Irrelevant Evidence Admitted Without Objection.*—Upon the trial of such an action, where no answer has been filed, the complaint is deemed to be controverted as if a denial were filed, and evidence of affirmative matter of defence, such as a settlement of the matter in controversy, is inadmissible; and where such evidence, foreign to the issue, has been introduced, it should be disregarded, though admitted without objection or exception.

From the Harrison Circuit Court.

*G. W. Denbo* and *G. W. C. Selfe,* for appellant.

*L. Jordan* and *H. Jordan,* for appellee.

BUSKIRK, J.—This was an action by the appellant against the appellee, as administrator of the estate of Pleasant D. Bean, deceased, for services rendered, money loaned and had and received. The claim, being disallowed, was transferred to the issue docket. There was no answer filed. Trial by the court. Finding for appellee. Motion for a new trial was overruled, and this ruling is assigned for error.

The widow of the decedent was permitted, over the objection and exception of appellant, to testify that the appellant and her husband made, in her presence and hearing, a settlement of the matters in controversy. This ruling is claimed to have been erroneous. We do not think it was. The widow of a decedent is a competent witness to testify to conversations and statements made by her husband to others, in her presence, relating to transactions between her husband and others; but she is not a competent witness to tes-

Denbo v. Wright, Adm'r.

tify as to statements made to herself by her husband. *Mercer* v. *Patterson*, 41 Ind. 440; *Griffin* v. *Smith*, 45 Ind. 366. There was no error in this ruling.

It is also claimed that the court erred in permitting the administrator to testify as a witness in his own behalf, without having been required to testify by the opposite party or the court. This was erroneous, but the appellant is in no condition to avail himself of such error. It is expressly stated in the bill of exceptions, that he was permitted to testify without objection or exception on the part of the appellant. Nor does it appear that any motion was made to reject or strike out such evidence. The error was waived. Buskirk Prac. 288 and 289, and authorities cited.

It is also insisted, that the finding of the court is not sustained by the evidence. We have carefully read and considered all the evidence. Upon the evidence offered by the appellant, consisting mainly of the admissions and declarations of the decedent, he was entitled to a judgment for about three hundred and fifty or four hundred dollars; but the appellee offered evidence tending to prove a settlement between the appellant and decedent of the matters in controversy. The evidence on the part of the appellee shows that such settlement was made in the year 1870, but the month or time of the year is not stated. The services for which this action was brought were rendered in the year 1870. The evidence of the appellant shows that the decedent, at various times and places, and to different persons, from the year 1870 down to within three weeks of his death, which occurred in May, 1873, admitted that he was indebted to the appellant for and on account of the matters embraced in the cause of action, and claimed to have been included in the settlement, in a sum ranging from three hundred and fifty dollars to four hundred and fifty dollars. The evidence of the settlement came exclusively from the widow and children of the decedent, while the admissions and declarations of the decedent, at times subsequent to such alleged settle-

ment, were testified to by persons who had no interest in the suit.

The evidence, as it appears to us upon paper, seems to preponderate in favor of the appellant, but this is not enough to justify a reversal of the judgment. The learned judge who tried the cause possessed many means of determining the credibility of the witnesses, and the weight which should be given to their evidence that we are deprived of.

We have thus far considered the evidence relating to the settlement, upon the theory that it was properly admitted and entitled to consideration by the court; but it is earnestly contended by counsel for appellant, that, under the pleadings in the cause, it was not admissible, because it did not tend to support any issue in the cause.

There was no answer to the complaint, and it is deemed to be controverted as if a denial had been filed. No affirmative matter was admissible. Buskirk Prac. 286, and numerous authorities cited. *Casad* v. *Holdridge,* 50 Ind. 529.

But it is contended, on the other hand, that as the evidence was admitted without objection, it is to be considered by the court. This is true of evidence which is pertinent to the issue. This rule is illustrated by the evidence of the administrator in the present action. His evidence was pertinent to the issue in the cause, but he was not a competent witness to give such evidence, and as it went in without objection, we have held that the appellant waived his incompetency.

A trial is a judicial examination of the issue joined. Section 317, 2 G. & H. 196; *Casad* v. *Holdridge, supra.* The issue which the court was required to try was, whether the appellant had rendered the services and advanced the money, as alleged in the cause of action. Under that issue, it was competent for the appellee to disprove whatever the plaintiff was required to prove to entitle him to recover, but no affirmative defence could be proved. It was not competent to prove payment, or a settlement, or that the cause of action was barred by the statute of limitations, or that there had

been a former recovery.   It is settled by three recent decis-
ions of this court, that evidence which is foreign to the issue,
and does not tend to prove any fact in issue, should be dis-
regarded, though it was admitted without objection or excep-
tion.   This is upon the principle that it is wholly immate-
rial, irrelevant and foreign to the issue in the cause, and
should not be considered.   *Casad* v. *Holdridge,* 50 Ind.
529; *Boardman* v. *Griffin,* 52 Ind. 101; *Town of Cicero* v.
*Clifford, ante,* p. 191.

The cause of action, or some part of it, having been proved,
and there being no issue under which a settlement could be
proved, the appellant was entitled to a judgment for such
sum as he had proved.

The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is
remanded for another trial. in accordance with this opinion.