## BACON *v.* THE WESTERN FURNITURE COMPANY.

LANDLORD AND TENANT.—*Forfeiture.*—Certain real estate being occupied under a written lease reserving rent payable at stated intervals, no place of payment being stated, with a clause of forfeiture upon nonpayment of rent as stipulated, the landlord, on a day on which rent became due, but not just before sun-set, at the tenant's place of business, but not on the demised premises, demanded of the tenant the rent due, in general terms, without specifying the amount.  The tenant then refused payment, but the next day the rent was paid by the tenant and received and accepted by the landlord, who then gave the tenant notice in writing to quit the premises, which the tenant refused to do.

*Held,* that the landlord could not recover possession upon the ground of a forfeiture for non-payment of rent upon the day on which it was due.

From the Marion Superior Court.

*J. A. Holman,* for appellant.

*H. Dailey,* for appellee.

BIDDLE, J.—On the 18th day of April, 1866, Christian Schloer leased certain ground, the right to the possession of which is the controversy in this case, to Hiram S. Rossel, for the term of eight years. The rent reserved was one hundred dollars per year, payable quarterly, commencing on the 17th day of July, 1866, with a clause of forfeiture of the lease upon non-payment of the rent as stipulated.

Under this lease the premises were occupied by the appellee.

On the 13th day of May, 1873, Christian Schloer and his wife sold and conveyed the ground, in fee simple, to the appellant, and assigned to him in writing the lease made to Rossel.

On July 17th, 1873, the day upon which the rent for one quarter became due, at 3 o'clock in the afternoon, the appellant, at the business room of the appellee, but not on the premises leased, demanded, in general terms, the rent due under the lease, the payment of which was then refused. On the next day the rent was paid by the appellee, and received and accepted by the appellant, who, on the same day, gave the appellee notice in writing to quit the premises. Soon afterwards, the precise day does not appear, the appellee refusing to yield possession of the premises, the appellant commenced this action to recover possession, upon the ground that the lease was forfeited for the non-payment of the rent upon the day it was due. The finding and judgment of the superior court, at special term, was for the appellee. The judgment was affirmed at general term. This is right.

Forfeitures are not favored in law. They must be strictly construed. In this case, to entitle the appellant to re-enter and possess the premises, he should have demanded the specific amount of rent due, just before sun-set of the day upon which it became due, and upon the premises leased, there being no place of payment mentioned in the lease. His demand, as shown by the record, was not for any specific amount of rent due, it was not made in the premises leased, nor at the right hour of the day. He has not made out his

case. Besides, to insist upon a forfeiture of the lease for the non-payment of the rent, which he has received, seems to us a legal solecism.

The acceptance of the rent, though paid after it was due, was a waiver of his right to enter under the forfeiture. *Philips* v. *Doe*, 3 Ind. 132; *Meni* v. *Rathbone*, 21 Ind. 454; Taylor Landlord and Tenant, 493; 2 Platt on Leases, 233–338, 467–473, and authorities there cited.

The judgment is affirmed, with costs.