## WALDEZ *v.* ARCHULETA.

Filed January 13, 1885.

1. PRACTICE—APPEARANCE OF PARTIES IN PERSON—KNOWLEDGE PRESUMED.

 When, in the trial of an action at law, the parties appear in person, and undertake its management, each for himself, without the aid of counsel, the law presumes them to have full knowledge of the situation of their case.

2. SAME—PLEA—ISSUE.

 Where a cause is tried in a lower court without any plea having been filed or issue joined, as required by law, and no objection or exception is made thereto, the verdict of the jury will not be disturbed, and the judgment will be sustained.

3. SAME—APPEAL—ASSIGNMENT OF ERROR—RECORD.

 When, upon an appeal from the judgment of the trial court, it is assigned as error that no issue was joined by the parties, and the record, on its face, affirmatively shows that issue was joined, the record imports absolute verity, and, whether an issue appears from the language of the pleadings or not, the error complained of cannot be sustained.

Error to First judicial district court, Rio Arriba county.

*Catron & Thornton,* for plaintiff in error.

*John H. Knaebel,* for defendant in error.

WILSON, J. This was a suit in replevin for a horse. When the case came on for trial in the court below, the parties appeared in person and undertook the management of the trial, each for himself, without the aid of counsel. Whatever these parties knew or did not know of the technical state of the pleadings, the law presumes them to have full knowledge of the situation of their case. The trial resulted in a verdict for the defendant, upon which verdict the court entered a judgment. The plaintiff obtained a writ of error, and assigned as error as follows: "Now comes the said plaintiff and says that there is manifest error in the record and proceedings of this cause, in this: that said cause was tried in the court below without any plea having been filed or issue joined as required by law."

The counsel for plaintiff has cited a large number of authorities demonstrating the necessity of technical pleading, and that a cause cannot be properly tried before a jury until after issue joined. The court recognize to the fullest extent these authorities, and will and always have enforced compliance to their most technical requirements, provided their enforcement be asked at the proper time. The complaint is that the cause was tried before issue was joined. It is proper to remark that it is not complained that injustice resulted as a consequence of the mistrial.

A case similar in principle is reported in 50 Ind. 530, (*Casad* v. *Holdridge.*) In that case the defendant pleaded specially such a plea as would entitle him to a judgment in his (the defendant's) favor, and the record standing thus, the case was tried and judgment was rendered for the plaintiff. The defendant appealed, and assigned as

error that his plea had not been answered. The supreme court of Indiana refused to sustain the error assigned, and say "that going to trial without answer, it will be deemed to have been controverted as if a denial had been filed;" and cites a large number of authorities as sustaining this ruling. In another case in the same state it was held that by going to trial the defendant waived the reply, and thereby consented to treat the answer as though denied. A similar case is reported in 11 Ohio, 692, (*Hallam* v. *Jacks*.) On an appeal from a justice of the peace the parties went to trial before a jury without any pleadings. The supreme court refused to disturb the verdict, and sustained the judgment.

In Pennsylvania, in a case heard and determined in the supreme court, the error assigned was that the defendant was forced to trial when the case was not at issue. The court say: "The exception is without foundation, for it does not appear that the defendant objected to going to trial without a formal joinder of issue. As he took the chance of a verdict then, he shall not object now." *Clement* v. *Hayden*, 4 Pa. St. 139. In another case in Pennsylvania, decided as early as 1827, the case had been tried in the court below without issue having been joined. The error assigned was that there had been no replication filed before the trial in the court below. The supreme court, in dismissing the case, say: "We will not permit an exception like this to be argued. We have repeatedly declared that we will not listen to objections such as this. Even though there should have been no issue at all, it would be a scandal to the administration of justice if we were longer to hear objections after a trial on the merits." *Thompson* v. *Cross*, 16 Serg. & R. 349.

At the time these decisions were rendered in Pennsylvania, the same system of pleading existed there as is practiced in this territory now. The record itself contradicts the assignment of error, viz.: "Now come the said parties, plaintiff and defendant, in their own proper persons, and issue being joined between them," etc. The record, therefore, on its face affirmatively shows that issue was joined by the parties before the jury were sworn to try the case. A record imports as absolute verity now as it did in the days of Blackstone. In the light of authorities cited, and under the state of the record, it is evident that the error complained of cannot be sustained. The judgment of the court below is affirmed.

AXTELL, C. J., concurs.