Kain v. Rinker.

Filed April 4, 1891.

---

No. 45.

## KAIN v. RINKER.

PLEADING.—*Fraud.*—In pleading fraud it is necessary to show the facts constituting it.

SAME —*Fraudulent Representation.— Deceiving.—Relying Upon.*—A person defending upon the ground of fraudulent representations must show himself to have been ignorant of the truth in regard to the matter about which the representations were made; and that he relied upon the representations, and acted upon them to his damage.

Kain *v.* Rinker.

SAME.—*Illegality of Consideration.*—*Pleading.*—If the maker of a note, in an action thereon against him, desires to plead the illegality of the consideration thereof, he must state fully and clearly all the facts which enter into and constitute the consideration, and render it invalid.

FRAUD.—*Promise, to be Performed in Future.*—A promise, to be performed in the future, can not ordinarily be made the basis on which to found an action, or a defence, for fraud.

SAME.—*Illegality of Contracts.*—*Presumption of.*—*Amount of Proof.*—Courts will not indulge any presumptions against the legality of a contract; but, on the contrary, they will indulge the presumption of legality until it is clearly overthrown by facts. They will not declare it illegal without a complete showing of all the facts and circumstances.

From the Huntington Circuit Court.

*T. G. Smith,* for appellant.

*J. C. Branyan, M. L. Spencer* and *G. A. Yopst,* for appellee.

BLACK, C. J.—This was an action by the appellant, John W. Kain, against the appellee, on a promissory note governed by the law merchant, made by the appellee to the appellant, for three hundred dollars, with interest at the rate of eight per cent., payable annually.

A demurrer to the answer was overruled, and this ruling is assigned as error.

By the answer the appellee admitted the execution of the note sued on, and alleged, in substance, that it was illegal as to its consideration and every part thereof, in this, that it was given in renewal of a note for the same amount executed by the appellee to one Alexander Kain; that said Alexander Kain was engaged in a fraudulent, swindling and gaming business, and obtaining thereby of unsuspecting parties their notes payable in banks within this State, for the sole purpose of swindling the makers of said notes; that about one year before the execution of the note in suit said Alexander Kain, conspiring with the appellant and others to appellee unknown, to swindle and defraud appellee, procured him to sign the original note " by the following false and fraudulent practices, to wit : They represented that they were

agents for a corporation, known by the appellation of a cor-
poration under the laws of Ohio, and that the same was
good, valid and solvent, and that if defendant would execute
said note for said sum they would deliver him twenty bushels
of grain, which was not the real value thereof, but a specu-
lative value, and that if he would execute said gaming price
per bushel, as represented in said note, they would sell for
him double the number of bushels of the same kind of grain
and at the same gaming price; that there was no other or
further consideration for said original note;" that when the
payee thereof received it he knew " there was nothing in said
consideration but said gaming and swindling consideration in
said note;" that afterwards the appellant, for the purpose
of aiding said Alexander Kain in swindling the appellee and
all others whom he could victimize, "and in which he was
a co-conspirator with Alexander Kain," took said note and
others of like character by assignment from his co-conspira-
tors, and pretended to sell to said Alexander Kain and deed
him certain real estate as a consideration therefor, the ap-
pellant knowing that the " consideration in said note at the
time he took the same and at the time he parted with the
title to his said land was illegal, void and fraudulent, and was
so obtained with intent to cheat this defendant, and that he so
took it with such intent; that afterwards plaintiff placed said
note in the hands of Thomas G. Smith for collection; that
*plaintiff* paid said Smith the sum of $25, which was the full.
and real value of said grain by defendant obtained for said
note, and at the same time, and without any new consider-
ation whatever, renewed said original note by giving to plain-
tiff the one now in suit; that the said note sued upon is a
fraud and a cheat, whose only consideration is as above set
out, and is still in the hands of one of the original con-
spirators."

It will have been observed that the answer alleges that the
" plaintiff" paid one Smith, who held the original note for
collection, twenty-five dollars, " which was the full and real

value of said grain by defendant obtained on said note." Taking this statement in connection with what immediately follows it, the use of the word "plaintiff" may, perhaps, be treated as a clerical mistake. It is not alleged that the sum so paid was agreed upon as being the value of the grain, or that it was given and received as such, or in payment for the grain.

The terms of the original note are not stated, but it is alleged to have been for the same amount as the note in suit. If it contained the same provisions concerning interest, it would seem that about one year after its execution the appellee paid the interest then due and payable, and executed to the assignee a new note for the principal. The payment alleged must be regarded as a payment upon the note.

There is indication of want of a well-defined theory of the defence in the mind of the pleader. It is not made clear whether he intended to plead fraud or the illegality of the consideration. If it was the intention to state a defence based on fraudulent representations, there was a failure to set forth facts essential to such a defence. In pleading fraud it is necessary to show the facts constituting it. We will mention some of the faults of the pleading in this regard.

The representation that the payee of the original note and others were agents of a corporation, and that it was good, valid and solvent, does not seem to be connected with other matters alleged.

Whatever may have been the kind of grain sold, it is not shown that there was any misrepresentation as to its quality. A promise to sell grain for the appellee is alleged. It is not shown that there was no intention to perform the promise, and, indeed, it nowhere appears that it was not performed. A promise to be performed in the future can not, ordinarily, be made a basis on which to found an action or a defence for fraud. *Burt* v. *Bowles*, 69 Ind. 1.

It does not even appear that the appellee was at any time deceived. As far as appears from facts stated it can not be

said that the parties to the transaction did not stand upon an equal footing as to knowledge of all the existing facts. A person defending upon the ground of fraudulent representations must show himself to have been ignorant of the truth in regard to the matter about which the misrepresentation was made. He must show that he relied upon the representation and acted upon it to his damage.

It appears that the grain was " obtained for said note " by the appellee, and it may be inferred that he retained it, and, considering the nature of the transaction, and all the statements of the answer, there is strong indication of the affirmance of the original contract by part payment and the execution of the note in suit after the lapse of about one year from the original transaction.

The answer does not sufficiently show that the consideration was illegal. It is characterized in the pleading as a gaming and swindling consideration, but it is not shown to be such by the allegation of matter of fact. None of the acts or promises of any of the parties were shown to have been made dependent upon any uncertain act or event. Nothing was shown to have been hazarded upon the determination of any unsettled question.

If it was intended to show that the contract was illegal because it involved an agreement or conspiracy between the maker and the payee of the note to defraud innocent third persons, the pleader failed to make such a showing; indeed, the contrary is indicated. It is stated that Alexander Kain was engaged in a fraudulent, swindling and gaming business, and obtaining thereby of unsuspecting parties their notes, payable in bank, for the *sole* purpose of swindling the *makers* of said notes; and that Alexander Kain, conspiring with the appellant and others " to swindle and defraud *defendant,* procured *defendant* to sign," etc. ; and that appellant, for the purpose of aiding Alexander Kain in " swindling this *defendant* and all others whom he could victimize, and in which

he was a co-conspirator with Alexander Kain," took said note and others of like character by assignment, etc.

There seems to be here a reference to the other notes which Alexander Kain was engaged in taking for the purpose of swindling the makers thereof. It is also alleged that the appellant took the original note, knowing that it was obtained with the intent to cheat " this defendant," and that he took it with such intent.

How far the promise to sell grain entered into the consideration is not shown, and it does not appear that it was made and accepted with any purpose against the rights of others or the interests of the public, or with any intent contrary to morality.

Where the maker of a note desires in an action thereon against him to plead illegality of the consideration thereof, he must state fully and clearly all the facts which enter into and constitute the consideration and render it invalid. *Fisher* v. *Fisher*, 113 Ind. 474.

The note sued on imports a valid and sufficient consideration, and while courts will not uphold an illegal contract, they will not lightly interfere with the right of the parties to a contract to make their own terms, and will not declare a contract illegal without a complete showing of all the facts and circumstances. They will not indulge any presumptions against the legality of a contract; on the contrary, they will indulge the presumption of legality until it is clearly overthrown by facts. Chitty Contr., 674.

The judgment is reversed, with costs, and with instruction to sustain the demurrer to the answer.

Filed April 15, 1891.