Jones *v.* People's State Bank.

---

## JONES *v.* PEOPLE'S STATE BANK OF BROWNSTOWN.

[No. 4,651.    Filed January 5, 1904.]

BILLS AND NOTES.—*Consideration.*—*Patent Right.*—*Answer.*—An answer in an action on a promissory note that the note was executed for a patent right, in violation of law, must aver facts showing that the consideration, in whole or in part, for which the note was given, was a patent right, or a right claimed to be a patent right. *pp. 120, 121.*

FRAUD.—*Bills and Notes.*—*Answer.*—An answer in an action on a promissory note that the note was executed upon the false representations of the original payee that he had procured a certain number of purchasers of a certain article at a stated price, and that he would furnish the articles to defendant at a much lower price, whereby defendant was induced to purchase the exclusive right to sell the same in the county, and to execute the note in suit for such privilege, was sufficient againt demurrer, the representations as to orders taken being representations of fact, and not of opinion, as to value, and the question whether the representations were such as would mislead or deceive a man of ordinary business prudence was for the jury, under proper instructions of the court. *pp. 121, 122.*

From Bartholomew Circuit Court; *F. T. Hord*, Judge.

Action by the People's State Bank of Brownstown against Halleck Jones. From a judgment in favor of plaintiff, defendant appeals. *Reversed.*

*Marshall Hacker*, *D. A. Kochenour* and *O. H. Montgomery*, for appellant.

*W. T. Branaman* and *J. F. Cox*, for appellee.

Comstock, J.—Action upon two promissory notes, payable in a bank of this State, each for the sum of $150, executed by appellant to one Edward Wheeler, and by him indorsed to appellee before maturity. The action was commenced in the Jackson Circuit Court. The venue was changed to the Washington Circuit Court, and, upon a second change, was tried in the Bartholomew Circuit Court, resulting in a judgment in favor of appellee for $400, including attorney's fee of $100.

The errors assigned question the rulings of the court on the separate demurrers, for want of facts,˜of appellee to the amended first, second, and third paragraphs, respectively, of appellant's amended answer.

This is the second appeal of the cause. Upon the former appeal the judgment of the lower court was reversed because of defects in the answer (which consisted of two paragraphs) pointed out in *People's State Bank v. Jones,* 26 Ind. App. 583, 84 Am. St. 310. Upon the return of the cause to the lower court defendant filed an amended answer of three paragraphs. The theory of the original answer was that the notes in suit were executed for an illegal consideration, in this: that they were executed for the sale and transfer of a patent right, or a right claimed to be a patent right, in violation of law. They were based upon §§6054-6056 R. S. 1881. The paragraphs of the amended answer are drawn on the same theory, as to consideration, as were those held insufficient upon the former appeal. The answer, to be good, must aver facts showing that the consideration, in whole or in part, for which said notes were given, was a patent right, or a right claimed to be a patent right. The averments of consideration in each paragraph are "that said notes were executed in consideration for the sale and transfer to him

by one W. J. Gooch and the Portable Pantry Company of
the *intangible* and exclusive right and privilege of *using*
and selling for use a certain portable pantry in Warren
county, Indiana, until the 1st day of July, 1903, *and the
right, authority, and power to assign and transfer and
transmit by descent to others his exclusive right and priv-
ilege."* The only amendments made in the first and sec-
ond paragraphs since the reversal of the former judgment
appear in the above italicized words. They do not mate-
rially change these paragraphs. The law declared upon
the first appeal remains the law of the case. There was
no error in sustaining the demurrer to the first and second
paragraphs of the amended answers.

The third paragraph, after alleging the consideration
for which the notes were executed, avers that they were
obtained by and through fraudulent misrepresentations;
that appellee purchased them with a knowledge of that fact,
and can not be regarded as an innocent holder, and can not
recover the consideration which the notes purport to repre-
sent. The fraudulent misrepresentations relied upon are
that on the — day of September, 1897, the payee of the
notes, one Edward Wheeler, and three or four other par-
ties, began a pretended canvass of Jackson county, Indi-
ana, and procured the names of a large number of well-
known citizens of said county for such portable pantries,
for the pretended consideration of $14.50 each; and, after
procuring such orders, they, for the purpose of defrauding
and deceiving appellant and other citizens of the county,
at the time of the execution of said notes, falsely and
fraudulently represented to appellant that they had pro-
cured orders from *bona fide* purchasers in said county, at
the invariable price of $14.50 each, for 1,500 pantries,
and for less than three months' time, having canvassed
only a small part of the county, and that they would fur-
nish said pantries at $6 each, and the same could be readily
and generally sold at retail in said county, and elsewhere

throughout the State, at the price of $14.50 each, and that said exclusive right and privilege was a valuable right, and the owner thereof could easily make from $8 to $40 per day by canvassing and selling said pantries at said price; and that he relied on the representations, and was deceived and induced thereby to execute the notes. The representations as to the number of orders taken from *bona fide* purchasers in Jackson county within the time stated are representations of fact and not of opinion, as to value. Whether the representations considered in their entirety were such as would mislead or deceive a man of ordinary business prudence is a fact to be submitted to the jury under proper instructions of the court. See *Rauh* v. *Waterman,* 29 Ind. App. 344, 350.

The judgment is reversed, with instruction to overrule the demurrer to the third paragraph of the amended answer.