## McCARTHY v. MILLER, ADMINISTRATOR.

[No. 26,972. Filed January 25, 1938. Rehearing denied April 5, 1938.]

*Sol. A. Wood, Lake E. Raridan,* and *Otto E. Grant,* for appellant.

*Alva C. Carpenter,* and *Charles E. Dare,* for appellee.

SHAKE, J.—Some time prior to February, 1933, appellant executed and delivered to Edmond L. Miller three promissory notes. Miller died in January, 1934, and the appellee is administrator of his estate. This is an action in three paragraphs upon renewals of these notes, bearing date of December 1, 1933. The cause was tried by the court and resulted in a judgment for the appellee for the full amount of the notes. Appellant filed a motion for a new trial, assigning: (1) that the finding of the court was contrary to law; (2) that it was not sustained by sufficient evidence; (3) that the court erred in overruling the defendant's motion, made at the close of the evidence, to strike from the evidence the notes sued on; (4) that the court erred in overruling the defendant's motion at the close of the evidence to find for the defendant. The reasons assigned to strike the notes from the evidence and for judgment in favor of the appellant were the same, namely: that the undisputed evidence showed the notes in suit to be renewals of prior obligations which had not been stamped with intangible stamps, as required by §64-930 Burns Ann. St. 1933, §15928 Baldwin's Ind. St. 1934, and that on account thereof said notes were void and unenforce-

able. The fifth (5) assignment in the motion for a new trial was that the court erred in admitting in evidence a certain record of the county treasurer's office, and the sixth (6) related to the admission in evidence of plaintiff's Exhibit X. The objections to the admission of the county treasurer's record and the plaintiff's Exhibit X were substantially the same; that these exhibits showed that after the commencement of the action, the appellee, as administrator, had paid certain delinquent intangible taxes on notes of which those in suit were renewals; that this was self-serving; that the payment of the taxes when the same were delinquent did not avoid the penalties fixed in the act, and the notes sued on were therefore illegal and void.

The bill of exceptions contains only a statement of the rulings of the court with a succinct recital of the evidence applicable, as provided in §2-3109 Burns 1933, §464 Baldwin's 1934. It appears that no question was raised in the trial court as to the admissibility in evidence of the notes sued on at the time that they were offered and introduced. The objection came at the close of the evidence, when the appellant moved to strike them from the evidence. When that was denied, she moved for a finding and judgment in her favor, which was likewise denied.

Appellant relies exclusively upon the provisions of Section 30 of the Indiana Intangibles Tax Act of 1933, which is as follows: "No intangible in respect of and by which the tax imposed by this act is measured, shall be valid or enforceable, nor shall the same be sold, assigned, transferred, renewed, removed, consigned, mailed or shipped unless and until all taxes and penalties accrued on account thereof shall have been paid. Any sale, renewal or assignment of any such intangibles on account of and by which the taxes imposed by this act are measured have not been paid shall be null and

void." (Acts of 1933, Chap. 81, §30, p. 536; §64-930 Burns 1933; §15928 Baldwin's 1934.)

It is appellant's contention that the uncontradicted evidence was to the effect that the notes in suit were renewals of prior obligations which were never ■■ stamped under the provisions of the foregoing act and that by reason thereof the former are null and void and utterly unenforceable. In other words, the theory of the appellant's defense is that of an illegal consideration. Every error assigned by the appellant is predicated upon that proposition.

The issues were formed by the complaint and separate answers in general denial and of no consideration. Our civil code requires that "all defenses except the mere denial of the facts alleged by the plaintiff shall be pleaded specially." §2-1024 Burns 1933; §128 Baldwin's 1934. It also provides that "under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." (§2-1049 Burns 1933; §153 Baldwin's 1934.) If the consideration for the notes sued on was illegal, that was an affirmative defense which should have been pleaded specially. *Casad et al.* v. *Holdridge* (1875), 50 Ind. 529; *Denbo* v. *Wright* (1876), 53 Ind. 226, 228; *Bowser* v. *Spiesshofer* (1891), 4 Ind. App. 348, 353, 30 N. E. 942. Evidence of such defense could not be given under the general denial. *Casad* v. *Holdridge, supra.*

The answer that the notes sued on "were executed without any consideration whatever," cannot be considered as raising the issue of illegality, since an ■ answer of illegal consideration must allege the facts that are relied upon. *Ensley and Another* v. *Patterson* (1862), 19 Ind. 95; *Fisher* v. *Fisher* (1887), 113 Ind. 474, 476, 15 N. E. 832; *Kain* v. *Rinker* (1890), 1 Ind. App. 86, 91, 27 N. E. 328; *Ohio Thresher*

*Co.* v. *Hensel* (1893), 9 Ind. App. 328, 343, 36 N. E. 716; *Jones* v. *People's State Bank* (1903), 32 Ind. App. 119, 69 N. E. 466.

Evidence which is foreign to the issue and does not tend to prove any fact in issue, should be disregarded, though it was admitted without objection or exception. This is upon the principle that it is wholly immaterial and irrelevant and should not be considered. *Bacon* v. *The Western Furniture Company* (1876), 53 Ind. 229.

Appellant and appellee have both presented exhaustive briefs on the interpretation of the Intangibles Tax Act and upon the effect of the proposition that notes of which those in suit were renewals were not stamped in accordance therewith. We do not deem it necessary or proper to explore this subject. The notes sued on were stamped and appear regular on their face. The plaintiff made out a *prima facie* case. This court will not indulge any presumption against their legality. On the contrary, it will be presumed that they were legal until that presumption is challenged by the pleadings and overthrown by the facts. *Kain* v. *Rinker, supra.*

Since the evidence relating to intangibles tax was without the issues and the correct result was reached, the rulings of the trial court with respect thereto need not be considered further. The finding is amply sustained by the evidence, and it is not contrary to law.

Judgment affirmed.