VAUGHN v. GLIBOTA.

[No. 16,467.   Filed May 27, 1940.]

*John Rodwick*, of Gary, for appellant.

*B. A. Lucas*, of Gary, for appellee.

DUDINE, J.—This is an appeal from a judgment for defendant (appellee here) in a suit instituted by appellant.

The complaint consisted of one paragraph and alleged that plaintiff had loaned defendant four hundred dollars ($400.00) on February 27, 1937, and that defendant had paid thirty-one dollars ($31.00) on the loan.   It sought judgment for the balance of three hundred and sixty-nine dollars ($369.00).

Appellee filed an answer in two paragraphs, the first being a general denial.   In the second paragraph of answer appellee alleged that the claim sued upon was for "credit" extended to him by appellant in the course of a "game of chance known as craps," in which appellant and appellee were engaged.   The issues were closed

by a reply in general denial to the second paragraph of answer.

The cause was submitted to the court for trial and the court found generally for the defendant "that the plaintiff take nothing by reason of his complaint" and rendered judgment accordingly.

The sole error assigned upon appeal is claimed error in overruling a motion for new trial, which motion was duly filed by appellant. The causes for new trial which are assigned in the motion therefor and discussed in appellant's brief are: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence. We have read the evidence. It is conflicting. Appellant admitted that he, appellee and "two other fellows" had been "shooting craps" at appellee's place of business until about midnight on February 27, 1937, that appellee lost some money in the game and appellant had won; that "after Marko (appellee) lost his money he quit . . . and he says 'Let me have that money, I need it to pay some bills with and I (appellant) gave him the money.' "

Appellee testified that he lost about eighty-five dollars ($85.00) in the game before the two "other fellows" left, and then "Me (appellee) and him (appellant) sat in the game. . . . There was no money on the board. . . . We were shooting on credit. . . . He (appellant) said it was around four hundred dollars ($400.00). I didn't keep any track because there was no money there."

It is clear that there is an abundance of evidence in the record to sustain a finding that the "credit" or loan was given by appellant to appellee for the purpose of gaming, at which appellant and appellee were engaged at the time. The law will not aid either of the parties in enforcing a claim against the

other growing out of such a transaction. The decision of the court is not contrary to law. See *Wilson* v. *National Fowler Bank* (1911), 47 Ind. App. 689, 91 N. E. 269; *Whitesides* v. *Hunt* (1884), 97 Ind. 191; *Ensley* v. *Patterson* (1862), 19 Ind. 95; § 10-2307, Burns' 1933, § 2796, Baldwin's 1934.

Appellant cites *Overshiner* v. *Wisehart* (1877), 59 Ind. 135, and the *Cleveland & St. Louis R. Co.* v. *Pattison* (1860), 15 Ind. 70, in support of the contention "when the court found that there was an illegal consideration between the appellant and the appellee the court erred in that a finding should have been for neither the appellant nor the appellee." The first case cited by appellant supports the conclusion which was reached by the trial court and this court. The second case is not applicable to the instant case. We deem it sufficient to say that appellant's said contention is not tenable.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 400.