## PURDUE v. STEVENSON.

PRACTICE.—*Supreme Court.*—*Defective Record on Appeal.*—*Presumption as to Origin of Suit.*—On appeal to the supreme court in a cause which seems to have been commenced before a justice of the peace, where the record does not show that a judgment was rendered in nor an appeal taken from such justice's court, nor how such cause reached the court below from such justice's court, but does show that the parties to the action appeared in the court below, and that there an amended complaint and an answer thereto were filed, the supreme court will deem such cause as having been originally commenced in the court below.

PLEADING.—*Complaint.*—*Defect in Cured by Finding.*—In an action upon an

indorsement of a promissory note, by the indorsee thereof against the indorser, the complaint did not set out a copy of such note and indorsement as part of itself. From a finding and judgment by the court below in favor of the plaintiff, the defendant appealed to the supreme court, assigning as error the insufficiency of such complaint.

*Held*, that such defect was cured by the finding of the court below.

SAME.—*Failure to Plead.— Waiver.*—Where no issue, either in law or in fact, has been formed upon a counter-claim, after trial, it will be held as if an answer in denial thereof had been filed. ·

From the Monroe Circuit Court.

*C. F. McNutt*, for appellant.

*J. W. Buskirk*, for appellee.

BIDDLE, J.—This case appears to have been commenced before a justice of the peace; and how it got into the Monroe Circuit Court is not shown. There was no judgment taken before the justice, and no appeal to the circuit court. The record shows us that on the 17th day of June, 1871, the justice filed in the circuit court a transcript, which contains nothing but a complaint, demanding judgment for forty dollars. The next entry in the case shows us that the parties appeared in the Monroe circuit court, and the appellant filed a demurrer to the appellee's complaint. This demurrer was sustained, whereupon the appellee filed an amended complaint, which appears to be in two paragraphs, though they are not numbered, demanding judgment on the first paragraph for forty dollars, and on the second for fifty dollars. To this complaint, the appellant filed,—

1.  A special answer; and,

2.  A counter-claim, praying affirmative relief.

The appellee then filed a demurrer, directing it, in general terms, "to the answer," alleging as ground, "that said answer does not state facts sufficient in law to constitute a valid defence." The court sustained this demurrer "to defendant's answer and cross-complaint," [counter-claim,] although it does not appear that any demurrer was filed to the counter-claim. To this ruling, exceptions were taken. The appellant refusing to answer further, the

court tried the case, found against appellant, and rendered judgment for appellee. It is thus shown that no issue was formed, either in law or fact, upon the counter-claim.

Although it does not appear how the case came into the circuit court from the justice of the peace, yet, as the parties appeared in the circuit court, and the appellee therein filed his amended complaint, to which the appellant answered, the case must be held as having been originally commenced in the circuit court. But it is plain that the parties have very imperfectly presented their questions to this court. From the view we take of the case, we shall not examine the questions raised by demurrer.

The complaint is by the appellee, as indorsee of a promissory note, made by William King to Purdue & Co., against the appellant as the indorser. The first paragraph of the complaint does not profess to make a copy of the note and assignment a part of the pleading; the second does, but nowhere in the record can we find a copy of the note, or indorsement, or any thing to show us that one was ever filed. The first assignment of error in this court is, "that the complaint does not state facts sufficient to constitute a cause of action," but we think it is not well taken. A copy of the note and indorsement would be an indispensable part of the complaint, to resist a demurrer, but after the finding by the court, we think the defect is cured. *Westfall* v. *Stark*, 24 Ind. 377.

Although no answer was filed to the counter-claim, after trial, it will be held as if an answer in denial had been filed. *Casad* v. *Holdridge*, 50 Ind. 529.

The judgment is affirmed, with costs and ten per cent. damages.