## BASS ET AL. *v.* SMITH ET AL.

PRACTICE.—*Pleading.—Trial Without Issue.*—Where, without objection, a party alleging affirmative matter goes to trial without requiring an issue to be formed thereon, he can not afterward ask judgment thereon as by confession.

From the Montgomery Circuit Court.

Bass *et al. v.* Smith *et al.*

*G. W. Paul*, for appellants.

*R. B. F. Pierce*, for appellees.

HOWK, J.—In this action, the appellees, as plaintiffs, sued the appellants, as defendants, in the court below, upon a promissory note executed by the appellants to the order of one P. C. Sommerville, and endorsed by him to the appellees.

The note was filed with and made part of the complaint, and it was alleged therein, that the note was due and unpaid.

The appellant answered in two paragraphs, in substance, as follows:

1. For a partial defence as to sixty dollars of the note in suit, the appellants said, that the note sued on was given in renewal of other notes, and that, in computing the interest on said other notes, a mistake of sixty dollars was made, by means of which the note sued on was given for that much more than the appellants actually owed the payee of said note;

2. The second paragraph alleged the full payment of the note in suit.

The appellees replied by a general denial to the first paragraph of the answer.

The cause was tried by the court, without a jury, and a finding made for the appellees for the full amount of the note and interest, and judgment was rendered on the finding.

The appellants' motion for a new trial was overruled, and to this decision they excepted.

In this court the following errors have been assigned by the appellants:

1. The overruling of their motion for a new trial;

2. As no reply was filed to the second paragraph of their answer, which was a plea of payment in full, it was confessed, and judgment ought to have been rendered in favor of the appellants.

The causes for a new trial assigned by the appellants

in their motion therefor were, that the finding of the court was not sustained by sufficient evidence and was contrary to law, and that the damages were excessive.

In his argument of this cause in this court, the appellants' counsel has utterly failed to point out any insufficiency in the evidence, or to show us wherein or how the damages assessed by the court were excessive. It seems to us, therefore, that we may fairly presume, that the alleged causes for a new trial ·assigned by the appellants have no foundation either in law or in fact. We have read the evidence, however, and we think that the finding of the court was sustained by an abundance of legal evidence, and that the damages assessed by the court were not excessive.

The alleged failure of the appellees to reply to the second paragraph of the appellants' answer can not be taken advantage of in this court, where it appears, as it does in this case, that no action was asked for in the court below, on account of such failure. If the appellants had moved the court below, that the second paragraph of their answer might be taken as confessed for the want of a reply thereto, and the appellees, upon such motion, had failed to file such reply, then, perhaps, the second error assigned by the appellants might have been available to them in this court. But where, as in this case, no action was had or asked for in the court below, upon the failure of a party to reply to an answer, and the parties try the cause without such reply, we are bound to presume, as we do now, when the objection is made for the first time in this court, that the filing of such reply was waived. This has been the established rule in this court for more than twenty years, and we have no inclination to change it. *Earnhart* v. *Robertson*, 10 Ind. 8; *Detrick* v. *McGlone*, 46 Ind. 291; *Waugh* v. *Waugh*, 47 Ind. 580; *Casad* v. *Holdridge*, 50 Ind. 529; and *Purdue* v. *Stevenson*, 54 Ind. 161.

We find no error in the record of this cause, of which the appellants can justly complain.

The judgment is affirmed, with four per centum damages, at the costs of the appellants.