Lewis *v.* Bortsfield et al.

PARTITION. — *Pleading.* — *Complaint.* — *Practice.* — *Finding.* — *Supreme Court.*—Objections to a complaint for partition of real estate for failing to state specifically the title of the parties to the land, and that they held the same as tenants in common, made for the first time in

the Supreme Court, are not available to reverse the judgment below, where the finding of the court was that the parties were the owners in fee and tenants in common of such land.

SAME.—*Defects Cured by Evidence and Finding.*—Such defects are of that character which might have been, and doubtless were, supplied by the evidence, and cured by the finding of the court.

PRACTICE.—*Pleading.—Cross Complaint.—Issue.*—After trial without objection, although no answer was filed to a cross complaint, it will be regarded on appeal as if an answer in denial had been filed.

SAME.—*Cross Complaint.—Appearance. —Service.—Default.— Judgment.*— It is only where one of two or more defendants, after personal service, makes default in the original action, and another defendant files a cross complaint, setting up new matter not apparent in the original complaint, that the defaulting defendant must be served with process, issued on such cross complaint, before any judgment by default can be rendered against him thereon.

From the Delaware Circuit Court.

*W. March*, for appellant.

*J. N. Templar* and *R. S. Gregory*, for appellees.

HOWK, C. J.—This was a suit by the appellee Bortsfield, against the appellant, Lewis, and Susannah and William Goings, for the partition of certain real estate, in Delaware county. All the defendants jointly answered Bortsfield's complaint by a general denial; and the appellant, in a second paragraph, alleged that he was the separate and individual owner in fee of all the real estate in controversy, to which paragraph Bortsfield replied by a general denial. The defendant Susannah Goings separately filed a cross complaint, alleging that she was the owner in fee of an undivided interest in the real estate, and praying for partition, etc., to which cross complaint the appellee Bortsfield answered by a general denial.

The cause was tried by the court, and a finding was made that the appellant, Lewis, was the owner in fee simple of the undivided five-sevenths, and that the appellee Bortsfield and said Susannah Goings were each the owner in fee of an undivided one-seventh, and tenants in common of the real estate in controversy; and that the appellee Bortsfield

and said Susannah Goings were each entitled to partition and to have their respective interests in the real estate set off to each of them in severalty. Thereupon, an interlocutory judgment was rendered, awarding partition and appointing commissioners to make and report the same, in accordance with the finding of the court. When these commissioners made their report of partition, the appellant filed exceptions thereto, which were sustained by the court and the report set aside; and the court then appointed other commissioners to make and report such partition, upon and in pursuance of the previous finding of the court. Afterwards, these commissioners made and acknowledged, in open court, a written report of the partition made by them; and, no good cause having been shown against said report, it was confirmed by the court, and final judgment of partition was rendered thereon and in accordance therewith.

In this court, the appellant has assigned, as error, that the petition or complaint of the appellee Bortsfield does not state facts sufficient to constitute a cause of action. In his complaint, the said Bortsfield alleged, in substance, that he and the said Susannah Goings were each the owner of the undivided one-seventh part, and that the appellant was the owner of the undivided five-sevenths part of the real estate, particularly described, in Delaware county; "and plaintiff asks judgment for partition of said realty, and that his said interest therein be set off to him by commissioners to be appointed by said court."

This complaint must be regarded, we think, as a model of brevity, but not of good pleading. In discussing the alleged insufficiency of the complaint, the appellant's learned counsel says: "The second section of the act concerning partition requires the petitioner to state, in his petition, the titles of the parties and their rights. This petition does not state either of their titles, and only in part their rights. It does not state whether the parties hold as ten-

ants in common, or joint tenants, or what estate they have in the land.''

This is the entire argument of the appellant's counsel on the question of the supposed insufficiency of the complaint or petition. But, if it be conceded that the complaint in this case is defective in the particulars suggested by counsel, that it should have been alleged therein that the parties were the owners in fee simple of their respective interests in the land, and that they held the same as tenants in common, yet we are of the opinion that these defects, on objection thereto for the first time in this court, can not be made available for the reversal of the judgment below. If the appellant had moved the circuit court to require the plaintiff to make his complaint more specific in the particulars mentioned, or had demurred thereto for the want of sufficient facts, it might, perhaps, have been error to have overruled such motion or demurrer. But this point is not before us, and is not decided. The defects complained of by counsel were of that character which might have been, and doubtless were, in this case, supplied by the evidence and cured by the finding of the court, as the trier of the facts. For the court found, as already stated, that the parties were the owners, in fee simple, of their respective interests in the real estate, and that they held the same as tenants in common. *Donellan* v. *Hardy*, 57 Ind. 393 ; *Smith* v. *Freeman*, 71 Ind. 85 ; *Field* v. *Burton*, 71 Ind. 380 ; *The Indianapolis, etc., R. R. Co.* v. *McCaffery*, 72 Ind. 294.

Our conclusion is, that the objections now urged by the appellant's counsel, to the sufficiency of the complaint, for the first time in this court, come too late, and must be regarded as cured by the finding of the trial court.

The appellant's counsel further says, in his brief of this cause : ''Again, no issue was made upon the cross complaint of Susannah Goings, by Lewis. There was no appearance by Lewis to the cross complaint. It was tried

without an appearance or issue." This is all that is said by counsel on either of the points suggested in this part of his argument. It is clear that appellant's failure to answer, or join issue upon, the cross complaint of Susannah Goings, affords him no ground for the reversal of the judgment below; after trial, without objection on that ground, although no answer was filed to the cross complaint, it will be regarded and held, on appeal, as if an answer in denial had been filed. *Casad* v. *Holdridge*, 50 Ind. 529; *Purdue* v. *Stevenson*, 54 Ind. 161; *Bass* v. *Smith*, 61 Ind. 72.

Nor will the alleged fact, that there was no appearance by appellant to the cross complaint, afford him any ground for the reversal of the judgment. He appeared fully in the action, as shown by the record, both before and after the filing of the cross complaint, and was bound, therefore, to take notice of the cross complaint, without the issue and service of process thereon. It is only where one of two or more defendants, after personal service, makes default in the original action, and another defendant files a cross complaint, setting up new matter not apparent on the face of the original complaint, that the defaulting defendant must be served with process issued on such cross complaint, before any judgment by default can be taken or rendered against him on such cross complaint. *Fletcher* v. *Holmes*, 25 Ind. 458; *Joyce* v. *Whitney*, 57 Ind. 550; *The State, ex rel. Kolb*, v. *Ennis*, 74 Ind. 17.

Besides, the cross complaint of Susannah Goings did not set up any new matter, but alleged substantially the same facts which were stated in the original complaint of the appellee Bortsfield.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.