Felger *v.* Etzell.

No. 6888.

## FELGER *v.* ETZELL.

PLEADING.—*Complaint.—Objection Cured by Verdict.—Motion in Arrest of Judgment.—Breach of Promise to Marry.—Consideration.—Mutual Promise.*—After verdict upon the trial of a complaint for breach of promise to marry, an objection that the complaint, in stating the mutual promises of the parties, alleged that the defendant's promise was made in consideration that the plaintiff *would* promise to marry him, and not that she *did* promise, was cured by the verdict, and came too late on motion in arrest of judgment.

PRACTICE.—*Trial without Answer.—Presumption of Issue Joined.—Supreme Court.*—Where the record fails to show that issue was joined by answer of the defendant, the Supreme Court will consider the case as if an answer in denial had been filed.

SAME.—*Breach of Promise to Marry.—Evidence of Illicit Intercourse Inadmissible.*—On trial of an action for breach of a promise to marry, where the complaint contained no allegations of illicit intercourse between the parties, and no answer was filed, evidence of such illicit intercourse was inadmissible to prove a promise to marry, or enhance the damages, or for any other purpose.

From the Allen Circuit Court.

*L. M. Ninde*, for appellant.

HOWK, C. J.—In this action, the appellee alleged, in substance, in her complaint, that on the 15th day of June, 1875, at Allen county, in consideration that she, being then unmarried, would, at the request of the appellant, marry him on request, he, the appellant, promised to marry the appellee within a reasonable time thereafter; that the appellee, confiding in said promise, had always remained ready and willing to marry the appellant; that the appellant had afterwards married a certain other person, to wit, one —— ————, contrary to his said promise to the appellee; and that, by reason of the premises, the appellee had sustained damages in the sum of five thousand dollars, for which she demanded judgment, etc.

It does not appear that the appellant filed any answer to appellee's complaint; but the parties appeared, and the cause was submitted to a jury for trial, and a verdict was returned for appellee, assessing her damages in the sum of thirteen hundred dollars, and judgment was rendered on the verdict.

In this court, the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling his motion for a new trial; and,

2. In overruling his motion in arrest of judgment.

The second of these alleged errors presents for the decision of this court the question of the sufficiency of the complaint, after verdict thereon. There are many objections to a complaint which a party defendant might avail himself of, on appeal, if they had been presented at the proper time and in the proper mode, but they are supplied or cured by the subsequent proceedings in the cause. So, in the case at bar, the appellant's objection to the sufficiency of appellee's complaint, as we understand the objection, is one that was supplied by the evidence and cured by the verdict, before he even attempted to make any objection to the complaint. In stating the consideration of the appellant's promise to

marry her, in her complaint, the appellee alleged, in substance, that the appellant's promise to marry her was made in consideration that she *would* promise to marry him, and not that she *did* promise to marry him. Of course, the validity of the appellant's promise, for an alleged breach of which the appellee has sued, in this action, to recover damges, is dependent upon the consideration existing for such promise ; and, if it affirmatively appeared that the promise was made without any consideration, the complaint would be bad, even after verdict, upon a motion in arrest of judgment. But the mutual promise of the appellee to marry the appellant was certainly a sufficient consideration to support his promise to marry her ; and it seems to us, that, in her complaint, she has attempted to allege her mutual promise to marry him as a consideration for his promise. It is true that the allegation of her mutual promise is defective, and not so clear and certain as it might have been ; but it is equally true, we think, that this defective allegation may have been and was cured by the verdict. *Donellan* v. *Hardy*, 57 Ind. 393 ; *Smith* v. *Freeman*, 71 Ind. 85 ; *Field* v. *Burton*, 71 Ind. 380 ; *The Indianapolis, etc., R. R. Co.* v. *McCaffery*, 72 Ind. 294. We are of the opinion, therefore, that the objection urged by the appellant's counsel to the sufficiency of the complaint, after trial and verdict thereon, came too late and must be regarded as obviated and cured by the verdict. The motion in arrest of judgment was properly overruled.

Under the alleged error of the court in overruling the motion for a new trial, the first point made by appellant's counsel, in argument, arises upon the action of the court in permitting the introduction of incompetent evidence, and in refusing to strike out such evidence. As originally filed, the appellee's complaint contained an allegation to the effect that on, to wit, June 25th, 1875, under his said promise, the appellant seduced appellee, and had illicit intercourse with

her, and did frequently thereafter, under said promise of marriage, have illicit intercourse with her ; but this allegation the court struck out on appellant's motion before the commencement of the trial. Over the appellant's objections and exceptions, the court allowed the appellee to introduce evidence tending to show that, about the time the appellant promised to marry the appellee, as alleged, they engaged in illicit sexual intercourse. The question for decision is, did the court err in allowing this evidence to go to the jury, or in overruling appellant's motion to strike it out? It is very clear that the evidence complained of was not competent for the purpose of enhancing or aggravating the appellee's damages, where, as in this case, the complaint contains no allegation of her seduction by the appellant. *Cates* v. *McKinney*, 48 Ind. 562, and authorities cited. But, in the case at bar, the court gave the jury the following instruction in reference to the evidence complained of :

"You have no right to consider any evidence upon the subject of the illicit intercourse between the parties, as affecting the amount of damages, if you should find for the plaintiff. All the evidence of such illicit intercourse is incompetent to affect the question of amount of damages. Such illicit intercourse can be considered only by you in determining the question as to whether or not a contract was made by the parties to the action."

The question remains, therefore, and this is really the controlling question in this case, was the evidence in regard to the illicit intercourse admissible or competent, even for the purpose to which it was limited by the court, namely, as tending to show a mutual promise of marriage existing between the parties. The appellant's counsel claims that the evidence was incompetent in the case now before us, because, as he says, there was no answer filed by the appellant in this case, and there was no denial of the alleged promise of marriage, and, therefore, the only question for the

jury was the assessment of appellee's damages. This view of the matter, however, is not tenable under repeated decisions of this court; for, in such cases, where issue has not been joined by answer, this court has often decided that, after trial, it will be considered as if an answer in denial had been filed. *Casad* v. *Holdridge*, 50 Ind. 529; *Purdue* v. *Stevenson*, 54 Ind. 161; *Bass* v. *Smith*, 61 Ind. 72.

But was the evidence competent, even for the purpose to which it was expressly limited, in this case, by the instruction of the court? Can it be correctly said that the evidence of illicit intercourse between the parties even tended to prove that a contract of marriage had been made between them? It seems to us that these questions ought to be, and must be, answered in the negative; for, surely, it will not do to say that illicit sexual intercourse is the natural, necessary, or even customary concomitant or result of the mere promise of marriage. We are aware that there are many cases in which it has been held, that evidence of the conduct of the parties towards each other is admissible as tending to prove the existence of a promise of marriage; but such evidence, we think, should be limited, and, so far as we are advised, it has been limited, to the open, visible or public conduct of the parties toward each other. The illicit intercourse of parties is generally consummated in the strictest privacy and secrecy, and is known only to the parties themselves; and the evidence of the parties, or of others, in regard to such intercourse, can have no possible tendency to prove the existence of a promise of marriage. This must be so, as it seems to us, in the very nature of things, unless it can be correctly said (and we need hardly say that the proposition is unreasonable and untenable), that illicit sexual intercourse naturally, necessarily or generally attends upon the mere promise of marriage, and is, therefore, one of the *indicia* of the existence of such promise.

We are clearly of the opinion, therefore, that the evidence of the illicit intercourse between the parties was wholly

inadmissible, in this case, for any purpose, and that the court erred, both in its admission of such evidence and in its refusal to strike it out. For these errors of law, committed at the trial, the appellant was entitled to a new trial of this cause, and the court erred in overruling his motion therefor.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.