HINKLE v. HINKLE ET AL.

[No. 2,494. Filed June 10, 1898.

BILLS AND NOTES.—*Assumption of Payment of Note.*—*Parties.*—The makers of a promissory note may by an equity proceeding require the payee thereof to proceed against one who has for a valuable consideration assumed the payment of such note. *pp. 386, 387.*

PRACTICE. — *Joinder of Causes.* — *Parties.* — *Bills and Notes.* — The maker of a promissory note cannot by cross-complaint in an action against himself on such note cause one who has agreed with him for a valuable consideration to assume the payment of the note to be made a defendant, and in such action have judgment against him on his cross-complaint for the amount of the note under the provision of section 1226, Burns' R. S. 1894, that, "When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may upon written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause or at any time before or after the trial, or at a subsequent term." *388-390.*

From the Carroll Circuit Court. *Reversed.*

*John C. Nelson* and *Quincy A. Myers,* for appellant.

*L. D. Boyd* and *M. A. Ryan,* for appellees.

WILEY, J.—Appellees, Abner T. and Edward W. Bowen and John A. Cartwright, under the firm name of A. T. Bowen & Co., sued appellees, James H. Hinkle and Josiah Appleton, on a note executed by them to said firm. The payers of the note appeared and filed a cross-complaint, making the payees and appellant, Anthony Hinkle, cross-defendants. Summons was issued on the cross-complaint, and Anthony Hinkle brought into court. The substance of the cross-complaint was that the note sued on was given for money borrowed of A. T. Bowen & Co. by James H. Hinkle; that Appleton was surety thereon; that after the borrowing of said money appellee, James H. Hinkle, deeded to appellant a tract of land in Carroll county,

Indiana; that as a part of the consideration for said transfer, appellant assumed and agreed to pay certain indebtedness of James H. Hinkle, including the note sued on, and that said appellant was put in possession of said land. The prayer of the cross-complaint was that in case of a judgment against the cross-complainants, on the note, that appellant be adjudged the principal thereon, and that his property be first exhausted in satisfaction thereof. Appellant's demurrer to the cross-complaint was overruled and he excepted. Appellant answered the cross-complaint in five paragraphs, but as no question is presented for determination under the answer, we need not refer to it further. To the affirmative paragraphs of this answer to the cross-complaint the appellees, Hinkle and Appleton, filed their reply in general denial. The appellees, A. T. Bowen & Co., filed an answer in general denial to the cross-complaint, and appellees, Hinkle and Appleton, filed an answer to the complaint in general denial. Upon these issues the cause was submitted to the court for trial, with a request that the court make a special finding of facts and state its conclusions of law thereon. The court found the facts specially and stated its conclusions of law that there was due from appellees, Hinkle and Appleton, to A. T. Bowen & Co. upon the note sued on $273.33, as principal and interest, and $47.33 as attorney's fees, and that appellant was liable to appellees, Hinkle and Appleton, for the full amount due from them to A. T. Bowen & Co.

To each conclusion of law appellant excepted. He then moved for a *venire de novo*, for a new trial, and in arrest of judgment, which motions were respectively overruled. The judgment rendered was that the appellees, A. T. Bowen & Co., recover of appellees,

Hinkle and Appleton, the amount found due, together with costs, and that appellees, Hinkle and Appleton, recover of appellant on their cross-complaint, a like amount, with costs, etc.

There are ten specifications in the assignment of errors, but we need not refer to but two of them, viz: (1) That the court erred in overruling appellant's demurrer to the cross-complaint. (2) That the court erred in each of its conclusions of law.

Appellant insists that the cross-complaint was not sufficient to withstand the demurrer, and the objections urged against it are two-fold: (1) That to entitle an alleged surety to the relief granted by statute, the original action must be one based upon a contract, in which, at its inception, the relation of principal and surety, on the contract sued on, existed, and that the action must be one against both the principal and surety. Here the original plaintiffs did not join appellant as a party. He was, in fact, as between the original payees of the note and himself, an entire stranger to the contract sued on. He was not a necessary or even a proper party to the action on the original contract. True, the payees of the note might have elected to proceed against the appellant on his assumption and agreement with James Hinkle and Josiah Appleton, to pay the debt evidenced by the note sued on, for by that assumption he became an original debtor, but they did not so elect. That he did become an original debtor, and primarily liable as such, there seems to be no doubt, and the authorities so hold. His liability, however, as an original debtor, arose by reason of his assumption of the debt, and his agreement to pay it, and not by reason of the terms of the note in question. His assumption of the debt did not change the relations existing between the

Hinkle v. Hinkle et al.

original payees and payers, and while the original payers might have proceeded in equity to compel the payees to collect the debt from the appellant, they did not do so, and hence the payees, as was their right, sought their remedy by suit on the original contract.

That the original payees might thus have proceeded, see 24 Am. and Eng. Ency. of Law, 789, and cases there cited; *Huffmond* v. *Bence*, 128 Ind. 131; Brandt on Suretyship, sections 191, 192, 193; *Philadelphia, etc., R. R. Co.* v. *Little*, 41 N. J. Eq. 519. Here the payees of the note brought their action against the payers, and by a cross-complaint the payers seek to bring appellant into court for the purpose of having determined, in the same action, their relative rights and positions to the debt contract.

It seems to us that this is wholly a collateral matter to the main action, and has no legitimate connection with it. In *Fensler* v. *Prather*, 43 Ind. 119, this principle was thoroughly discussed, and the statutory provisions relating to the rights of sureties reviewed. Sections 1224-1226, Burns' R. S. 1894 (1210-1212, Horner's R. S. 1897), is as follows: "When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may upon written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff." Sections 1224 (1210), *supra*, provides the manner in which a surety may notify his creditor or obligee to proceed at once upon his contract against the principal. Section 1225 (1211), *supra*, provides upon what conditions the surety may be discharged.

In the case before us, James Hinkle and Josiah Appleton seek by their cross-complaint to have appellant declared the principal debtor under his assumption, and they his sureties. It is evident that they are not seeking relief under the last two sections of the statute referred to, for they did not give notice requiring the original payees to proceed against him. Hence if they are entitled to any relief under the averments of their cross-complaint it must be by virtue of section 1226 (1212), *supra.* It seems clear to us that under that section they are without remedy. The express provision of the statute is that, "When an action is brought against two or more defendants upon a contract, any one or more of the defendants being sureties, etc., the surety may have the question of suretyship determined, etc." The relation of principal and surety to the contract must originally have existed, to bring the surety within the provisions of the statute, and so it has been directly held.

In *Fensler* v. *Prather, supra,* it was said: "The right of a surety thus to require the creditor to sue on the contract, or if he does not the surety will be discharged, is statutory, and it is right that it shall only be exercised in those cases which come fairly within the statute. *Halstead* v. *Brown,* 17 Ind. 202. We think it may be laid down as a general rule, that to entitle a party to proceed under the statute in question, he must have been a surety at the inception of contract. We will not say that the rule may not have exceptions, but none occur to us now. The language of the statute as to the persons who may have the remedy is, 'any person bound as surety upon any contract in writing,' etc. The contract here referred to is intended to be the original contract by which the parties become bound to the payee or obligee, and not a subsequent contract between the principal makers

of the instrument, to which the payee or obligee is not a party. It means a contract by which the surety is bound to the payee or obligee as surety, and not one in which he was and is bound to the payee or obligee, as one of the principal joint makers or obligors in the contract. Such, we think, is the clear sense of the language used." See, also, *Boys* v. *Simmons,* 72 Ind. 593. In this case the appellant was not a party to the original action, and the action was not brought upon a contract, in which he was either principal or surety. In the contract itself there was no privity of interest, or liability, between him and the appellees, Hinkle and Appleton, and hence under the statute, as the relation of principal and surety did not exist in the inception of the contract, the appellees, Hinkle and Appleton, were not entitled to the relief prayed for in their cross-complaint.

(2) As the cross-complainants were not entitled to have the question of suretyship determined in the main action, for the reasons just given, they did not by their cross-complaint bring themselves within the statutory provisions for the relief of sureties. It seems to us that their remedy is payment of the debt, and then if appellant, upon demand, refuses to comply with his agreement and reimburse them, they would have their common law right of action against him, as for money paid, or a right of action on his assumption of the debt, and his express agreement to pay it. As they have neither brought themselves within the statute, or the common law right, it follows that their cross-complaint does not state any cause of action. While the policy of the law is to avoid a multiplicity of suits, yet, where litigants desire to avail themselves of such a wholesome policy, they can only do so within reasonable limits, and when they

bring themselves within the well defined rules upon which the policy rests.

The court erred in overruling the demurrer to the cross-complaint, for which the judgment as against appellant must be reversed. But in the reversal of the judgment, the rights of the appellees, Bowen & Co., should not be affected. It is unnecessary for us to state the facts found by the court. It is sufficient to say that ample facts were found upon which the court stated its first conclusion of law, that appellees, A. T. Bowen & Co., were entitled to recover against the appellees, Hinkle and Appleton, the amount due on the note, etc., and the judgment in their favor is affirmed.

The cross-complaint not having stated any cause of action, the facts found upon the issues joined thereon would not entitle appellees, Hinkle and Appleton, to a judgment in their favor against appellant. The judgment, therefore, as to appellant, is reversed, with instructions to the court below to sustain appellant's demurrer to the cross-complaint, and for further proceedings not inconsistent with this opinion.