## CLEMENTS v. VANAUSDALL.

[No. 22,497.   Filed November 25, 1913.]

1.  BILLS AND NOTES.—*Actions.—Rights of Surety.*—Where the complaint on a note alleged that the payee had indorsed the note to one who sold and transferred it to plaintiff before maturity, by delivery without indorsement, and that such indorsee was made a party defendant to answer as to the sale and transfer, and such indorsee answered disavowing any interest in the note, so that there could be no judgment against him, the defendant payee was not entitled to raise an issue of suretyship as between himself and such indorsee.   p. 492.

2.  BILLS AND NOTES.—*Rights of Surety.—Statutes.*—The scope of §1269 Burns 1908, §1212 R. S. 1881, providing for raising the question of suretyship in actions on notes must be determined with regard to §1270 Burns 1908, §1213 R. S. 1881, providing that, where the finding is in favor of the surety on such issue, the sheriff shall be directed to exhaust the property of the principal before making a levy upon the property of the surety, and, while the statute should be liberally construed, its scope should not be extended beyond the limits plainly fixed by the legislature, since it does not deprive a surety of any common-law remedy but merely furnishes an additional and convenient remedy.   p. 494.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by Calvin Breaks against William G. Hudson and others, in which the defendant, John L. Vanausdall filed a cross-complaint against the defendant, Andrew S. Clements. From a judgment against him on such cross-complaint, the defendant Clements appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Reversed.*

*Harry D. Michael, Clyde H. Jones* and *John B. Murphy,* for appellant.

*M. W. Bruner,* for appellee.

MORRIS, C. J.—Calvin Breaks instituted a suit on a promissory note against Hudson, Walton, appellant Clements and appellee Vanausdall.   The complaint alleges that Hudson

and Walton executed their note payable to the order of Vanausdall, who indorsed it to the defendant Clements, and that the latter sold and transferred it before maturity, by delivery, without indorsement, to the plaintiff, and that Clements is made a defendant to answer as to the sale and transfer. The latter answered, disavowing any interest in the note. Vanausdall filed a cross-complaint against Clements, in which it is alleged that Vanausdall indorsed the note for Clements' accommodation, and executed the same as surety for him, and prayed that the question of suretyship between cross-complainant and Clements be adjudicated under the provisions of §1269 Burns 1908, §1212 R. S. 1881.   Clements' demurrer to the cross-complaint was overruled, and this ruling is assailed here.   Issues were formed on the cross-complaint, and it was adjudged that Vanausdall executed the note as surety for appellant.   There was a judgment for plaintiff Breaks on the note against all the defendants except Clements.   The only questions for review here arise out of the proceedings had under the cross-complaint, and are presented by Clements, sole appellant

Among the many reasons urged by appellant against the ruling on the demurrer, the first is that the statute relating to suretyship trials, rightly construed, does not authorize an adjudication of such question, where, as here, the plaintiff could not recover judgment against the alleged principal.   Sections 1269, 1270 Burns 1908, §§ 1212, 1213 R. S. 1881, are cited, together with numerous opinions of this and the Appellate Court.   The statutes cited read as follows: §1269.   ''When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff.''

§1270. "If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution, first, upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall indorse a memorandum of the order on the execution." The above sections are copies of §§674, 675 of the code of civil procedure adopted in 1852 (2 R. S. 1852 p. 186), and were reënacted by the legislature of 1881. Acts 1881 (s. s.) p. 240, §§738, 739.

It is not contended that the plaintiff could have recovered any judgment in this action against appellant. He was made a party defendant to the complaint solely to 1. determine his interest, if any, in the note which was transferred by mere delivery. §277 Burns 1908, §276 R. S. 1881. In *Callahan* v. *Mitchell* (1868), 29 Ind. 418, suit was brought against one of the two makers of a joint and several note. The defendant filed a cross-complaint praying that the other party to the note be made a defendant, and that the question of suretyship be adjudicated. The trial court, on motion, struck out the cross-complaint, and this court affirmed the judgment, holding that the plaintiff's action could not be delayed by making a new party simply to determine the question of suretyship. In *Watson* v. *Beabout* (1862), 18 Ind. 281, suit was brought by Beabout on an obligation executed by James E. Watson and Hayden P. Watson, the latter having signed "as surety." The summons for James E. Watson was returned "not found" and as to him the cause was continued. Hayden P. Watson unsuccessfully sought an adjudication of suretyship under the sections of the statute here in controversy. This court said: "These sections contemplate not only an action against two or more defendants, but proceedings against them in such action, hence they cannot be held to apply to the case at bar, because, as has been seen, process as to James E. Watson, the principal debtor, was re-

turned not found, and as to him the cause was continued, and proceeded to trial and final judgment against the surety alone. The principal was really no party to the proceedings which resulted in the judgment in this case, and there being no judgment against him, the court could not order his property to be first levied on and exhausted.'' In *Boys* v. *Simons* (1881), 72 Ind. 593, one Dutton had recovered a judgment, in the Miami Circuit Court, in 1867, against Boys and Simons. The question of suretyship was not determined in that action. In 1868 Boys paid the judgment. Afterwards, in 1876, Boys instituted an action in the Wayne Circuit Court against Simons to have the question of suretyship adjudicated, under §§674 and 675 of the code. It was held that the Wayne Circuit Court had no jurisdiction of the subject-matter. In the opinion it is said: ''The proceeding is a special one; and, while the statute should receive a liberal   *   *   *   construction, still it must govern and control the suit, both in its institution and in regard to the remedy or relief granted.   *   *   *   It is certain, we think, that an execution on the judgment recovered by Henry Dutton against the appellant and appellee in the court of common pleas of Miami County could only be issued under the law,   *   *   *   out of the Miami Circuit Court,   *   *   *   and it is equally certain that, upon the facts stated in appellant's complaint, if the finding thereon were in his favor, the Miami Circuit Court alone, and not the Wayne Circuit Court, could make the order provided for upon such a finding, in §675 [§1270 Burns, *supra*] of the code.'' In *Hinkle* v. *Hinkle* (1898), 20 Ind. App. 384, 50 N. E. 829, Bowen and others sued James H. Hinkle and one Appleton on a note. The defendants filed a cross-complaint against plaintiffs and Anthony Hinkle, who was brought into court on a summons. It was alleged by cross-complainants that after the execution of the note sued on Anthony Hinkle assumed the payment of said note, in consideration of the conveyance of certain real estate. The trial court overruled a de-

murrer by Anthony Hinkle to the cross-complaint.    On appeal, this ruling was held erroneous.

In determining the scope of §1269, *supra,* regard must be had for the provisions of the following section (1270, *supra*).    It is obvious that in this action the court

2. was without power, "If the finding upon such issue be in favor of the surety" to order the sheriff to first levy the execution on the property of the principal, because there was no judgment against the principal, and could have been none against him on the note in suit.    *Brown* v. *Summers* (1883), 91 Ind. 151.    While the statute should be liberally construed, because remedial in nature, such fact does not warrant this court in extending its scope beyond the limits plainly fixed by the legislature.    Besides, it must be remembered that this statute does not deprive a surety of any common-law remedy.    *Gipson* v. *Ogden* (1885), 100 Ind. 20.    It merely furnishes an additional and convenient remedy for sureties in actions falling within the scope of its operation.    *Harker* v. *Glidewell* (1864), 23 Ind. 219.

The trial court erred in overruling appellant's demurrer to the cross-complaint.    In view of this conclusion, it is unnecessary to consider the other questions presented for review.    The judgment against appellant on the cross-complaint of Vanausdall is reversed, with instructions to sustain appellant's demurrer, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 343.    See, also, under (1) 8 Cyc. 197; (2) 32 Cyc. 92.