## HEDGES *v.* MEHRING ET AL.

[No. 9,246. Filed March 14, 1917. Rehearing denied June 20, 1917. Transfer denied November 13, 1917.]

1. JUDGMENT.—*Joint.*—*Conclusiveness.*—*Parties to Note.*—In a suit on a note against several defendants alleged to be liable to plaintiff, in the absence of issues formed between such defendants, a joint judgment in favor of the plaintiff against all defendants is conclusive only as to their joint liability to plaintiff, and leaves unadjudicated their rights as between themselves. p. 594.

2. PLEADING.—*Answer.*—*Cross-complaint.*—*What Constitutes.*—In an action on a note against several defendants, a pleading filed by part of the defendants setting up facts to show that they indorsed the note in due course of business after negotiation, and that another defendant was the original maker, and which sought to have her property first exhausted to satisfy any judgment that might be rendered on the note, is a cross-complaint, though denominated an answer. p. 594.

3. PROCESS.—*Service.*—*Necessity.*—*Cross-Complaint.*—In an action against several defendants on a note, where the question of suretyship is presented by several defendants by cross-com-

plaint, such issue may be determined at the trial of the principal cause, as to all parties in court on the complaint, without new process issued on the cross-complaint, it being the duty of such parties to take notice thereof without summons, and where they actually participate in the trial of the case, either with or without answer to the cross-complaint, they are bound by the judgment thereon.  p. 595.

4. APPEAL.—*Review.*—*Theory of Case.*—The court on appeal will look to the whole record to determine the theory upon which a case was tried and disposed of in the lower court. p. 597.

PLEADING.—*Cross-Complaint.*—*Failure to Answer.*—*Waiver.* —In an action against several defendants on a note, where defendant indorsers sought by cross-complaint, to which no answer was filed, to charge the remaining defendant with being primarily liable, and the trial court and the parties proceeded on the theory of determining the rights of the defendants as between themselves as well as their liability to the holder, the indorsers by so proceeding waived answer to their cross-complaint, and it will be regarded on appeal as having been put at issue by an answer of general denial.  p. 597.

6. BILLS AND NOTES.—*Actions.*—*Judgment.*—*Liability of Defendants.*—*Presumption.*—Until the question of suretyship is judicially determined all defendants to a judgment on a note are deemed primarily liable, and cannot claim the statutory rights of sureties.  p. 598.

7. JUDGMENT.—*Issues.*—*Conclusiveness.*—*Presumptions.*—Everything which might have been determined under the issues in a case will be presumed to have been adjudicated.  p. 598.

8. JUDGMENT. — *Erroneous Judgment.* — *Collateral Attack.* — Where a question is once litigated by the parties, the judgment rendered, though erroneous, cannot be amended or impaired in a collateral attack.  p. 599.

9. BILLS AND NOTES.—*Rights of Sureties.*—*Statute.*—*Construction.*—Although §1269 Burns 1914, §1212 R. S. 1881, providing for the determination of issues between sureties joined as defendants speaks of sureties only, the statute is remedial in character and should receive a liberal construction.  p. 599.

10. JUDGMENT.—*Conclusiveness.*—*Collateral Attack.*—Where the holder of a note brought action thereon in which an indorser primarily liable as surety and indorsers in due course of business after negotiation were made defendants, and, the issue of suretyship having been presented by cross-complaint filed by the indorsers in due course of business, the trial proceeded on the theory of determining the rights of the defendants as between themselves, and a judgment, from which no appeal was

taken, was rendered against all of them without distinction, the indorsers secondarily liable could not, in a subsequent action by the indorser as surety to enforce contribution after she had paid the judgment, deny liability. p. 600.

From Marion Circuit Court (26,643); *Louis B. Ewbank,* Judge.

Action by Jennie R. Hedges against Orval E. Mehring and others. From a judgment for defendants, the plaintiff appeals. *Reversed*

*William F. Elliott* and *Harmon J. Everett,* for appellant.

*C. E. Fenstermacher* and *F. J. Doudican,* for appellees.

FELT, C. J.—This is a suit by appellant against appellees for contribution.

The errors assigned are the overruling of each of appellant's separate demurrers to the second paragraph of each of the separate answers of the appellees; overruling appellant's motion for a new trial.

Appellant filed her complaint against appellees in which she alleges in substance that on March 4, 1911, one Harry J. Milligan filed in the Marion Superior Court his complaint against her and Thomas J. Endsley, P——— H. Hill, Orval E. Mehring and William J. Cline, Jr., to recover on a promissory note purporting to have been signed by Thomas J. Endsley and appellant and payable to P. H. Hill for the sum of $750, with interest and attorney's fees, and to have been indorsed by appellees; that appellant filed an answer in which she alleged that she did not sign the note in suit, and also filed a cross-complaint against all of the other parties to the suit in which she alleged in substance that the note sued on was not her obligation, and asked that the same be declared void and be canceled; that appellees Mehring and Cline each filed answers to the complaint in which each alleged that the

note was negotiable and that he purchased it before maturity, in the due course of business; that Endsley and Hedges were principals on the note and that appellees were sureties only, and asked that the property of appellant and Endsley be first exhausted before levying upon their property; that appellees answered the cross-complaint by a general denial; that Milligan answered the cross-complaint by three paragraphs of answer; that thereupon appellant applied for and obtained a change of venue to the Hancock Circuit Court; that the case was tried on the issues aforesaid and the jury returned a verdict for the plaintiff against Cline and Mehring only; that a new trial was granted; that appellant filed an additional verified answer in which she also denied that she ever received any of the consideration for which the note was executed; that Milligan replied thereto by alleging that the note was negotiable and payable at a bank in this state and was purchased by him in the due course of business for a valuable consideration before maturity and was duly indorsed; that appellant had acknowledged signing the note and he relied thereon. Cline and Mehring filed an additional pleading in which they alleged that appellant was estopped to avail herself of an answer of *non est factum;* that the cause was again submitted to a jury for trial on all the issues formed and upon "the issues formed on the answer of Mehring and Cline to the effect that they should be found sureties only and the answer of denial thereto by Jennie R. Hedges"; that the jury returned into court the following verdict:

"Harry J. Milligan
vs.
Jennie R. Hedges
Orval E. Mehring &
William Cline
"We, the jury, find for the plaintiff and against all the defendants and assess his damages at Nine-

Hundred Dollars ($900.00), which included Seventy-five Dollars ($75.00) attorney fees.    William J. Eib, Foreman."

That on June 8, 1912, judgment was rendered on the verdict as follows:    " 'It is therefore considered and adjudged by the Court that the plaintiff recover of and from the defendant herein the sum of Nine Hundred ($900.00) Dollars, which includes the sum of Seventy-five ($75.00) Dollars attorney's fees, rendered herein, as his damages heretofore assessed by the jury herein, together with the costs of this action by him laid out and expended taxed at $———.    It is further considered and ordered by the Court that this judgment is collectable without relief from valuation and appraisements laws,' which verdict and judgment is equally against all the defendants and makes each severally and jointly liable for the payment and finding against Mehring and Cline on their cross-complaint asking to be found sureties only, and that Mrs. Hedges be exhausted before they should be required to pay, and said judgment remains unappealed from and in full force and effect as against said Mehring and Cline on said issue."

That said verdict and judgment is equally against all the defendants and makes each severally and jointly liable for the payment and is a finding against "Mehring and Cline on their cross-complaint asking to be found sureties only, and that Mrs. Hedges be exhausted before they should be required to pay, and said judgment remains unappealed from and in full force and effect as against said Mehring and Cline on said issue."

It is averred that Mehring and Cline requested the clerk of the Hancock Circuit Court to issue execution against appellant, which was accordingly done, and her property was levied upon and sold for $992.35 to pay and satisfy the judgment aforesaid; that thereafter she

redeemed her property from such sale, and in so doing was compelled to and did pay the sum of $1,031.11; that thereafter she demanded from each of appellees payment of the one-third amount of said judgment and each refused payment.

A demurrer to the complaint for insufficiency of facts to state a cause of action was overruled. Each of the appellees filed a separate second paragraph of answer, which in substance alleged that on August 27, 1909, appellant and Thomas J. Endsley executed to one P. H. Hill their promissory note due eight months from date for the sum of $750 and attorneys fees, negotiable and payable at the Peoples State Bank of Indianapolis, Indiana; that before maturity, for a valuable consideration, said Hill sold and indorsed said note to William J. Cline, Jr., who thereafter in like manner sold and indorsed the same to Orval E. Mehring; that thereafter in the due course of business, and before the maturity of the note, Mehring sold and indorsed the same to Harry J. Milligan for a valuable consideration, a copy of which note and the several indorsements are set out and made a part of the answer; that the makers of said note, Jennie R. Hedges and Thomas J. Endsley, failed and refused to pay the same when due. The answer then alleges in detail the proceedings by which Milligan obtained judgment on the note; that to Milligan's complaint appellant filed an answer of *non est factum;* that Mehring and Cline filed a general denial to the complaint and each filed a second paragraph of answer in which it was alleged that the note was purchased in the regular course of business before maturity, in good faith, for a valuable consideration, and duly transferred by indorsement before maturity of the note to the plaintiff, Milligan, who should be compelled to first exhaust the property of the makers of said note before levying on their property; that "no answer or reply was filed

to said second paragraph of answer;" that before the trial, Milligan dismissed the suit as to Thomas J. Endsley and P. H. Hill; that the case was submitted to a jury for trial on the issues so joined and the jury at the close of the trial returned into court a general verdict against all the defendants in the sum of $900; that the jury also returned with their general verdict answers to interrogatories in which they found that Jennie R. Hedges executed the note in suit, and that subsequently thereto Cline and Mehring, before maturity, for a valuable consideration, purchased the note in the regular course of business, and in like manner sold and indorsed the same to Milligan; that the court rendered judgment on the verdict against all the defendants for $900, which "verdict and judgment was the only verdict and judgment rendered in said cause, and the said verdict and judgment is the same verdict and judgment referred to in plaintiff's complaint herein."

The demurrer to the special answer was on the ground that it does not state facts sufficient to constitute a cause of defense. The memoranda states in substance that both complaint and answer show that the judgment was joint against all of the defendants, the effect of which was to adjudge them each and all equally liable; that the only new fact alleged in the answer is the absence of a reply to the special answer of Cline and Mehring; that going to trial without such reply waived it; that the judgment rendered embraces not only what was actually determined, but every other matter which the parties might have litigated in the cause.

The appellant also filed a special reply to the second paragraph of special answer of each of the appellees in which she set up a history of the execution and transfer of the note and the suit thereon and a part of the instructions of the court in which the court set out the substance of the aforesaid second paragraph of the an-

swer of appellees and the prayer thereof as follows: "Wherefore, the defendants, Orval E. Mehring and William Cline, pray that the makers of said note be required to pay the same, and the judgment rendered in this cause," and also instructed the jury that "under the issues thus formed on the complaint and answer thereto and the replies to the answers, are formed the issues which you are to try and determine."

It is also charged in the special reply that the issue presented by the special answer or cross-complaint of Cline and Mehring of their secondary liability "was deemed and taken as a question properly before the court, and jury, being adjudicated and determined'"; that among the interrogatories submitted to the jury was the following: "No. 10. Did the defendant, Jennie R. Hedges, sign the note in suit and did P. H. Hill thereafter and upon the faith thereof accept her as surety on said note? Ans. Yes."

Upon the trial it was agreed that appellant had paid the judgment; that she had made due demand for reimbursement from each of the appellees before filing this suit and that they refused to pay her any amount whatever.

Appellant's brief also contains the following, which is unquestioned by appellees, viz.: "The following parts of the record in the case of *Milligan* v. *Endsley et al.,* No. 12145, in the Hancock Circuit Court, were placed in evidence, which includes all the pleadings filed in said cause, the plea of suretyship filed by appellees and included the instructions of the Court given to the jury in the second trial of said cause, designated as No. 9; the interrogatories and answers thereto in the second trial, and the verdict of the jury; the judgment and finding of the Court, and the proceedings on the first trial, as set out in the second special paragraph of (appel-

lant's) reply to the second paragraph of answer by appellees.    *    *    *

This was all the evidence in the trial of the cause."

In a suit upon a note against several defendants alleged to be liable thereon to the plaintiff, in the absence of issues formed between such defendants, a 1. joint judgment in favor of the plaintiff against all of such defendants is conclusive only as to the joint liability of such defendants to the plaintiff, and leaves unadjudicated the rights of such defendants as between themselves. *Dewitt* v. *Boring* (1890), 123 Ind. 4, 23 N. E. 1085; *Knopf* v. *Morel* (1887), 111 Ind. 570, 573, 13 N. E. 51; *Westfield Gas, etc., Co.* v. *Noblesville, etc., Gravel Road Co.* (1895), 13 Ind. App. 481, 483, 41 N. E. 955, 55 Am. St. 244; *Bulkeley* v. *House* (1893), 62 Conn. 459, 26 Atl. 352, 21 L. R. A. 247, 254.

Appellant and appellees do not differ materially as to the law of contribution as established by text-writers and the decided cases.    3 Pomeroy, Eq. Jurisp. §1418; Sheldon, Subrogation (2d ed.) §140 *et seq.*, §§181, 182; *Norris* v. *Churchill* (1898), 20 Ind. App. 668, 670, 51 N. E. 104; *Knopf* v. *Morel, supra; Githens* v. *Kimmer* (1879), 68 Ind. 362; *Houck* v. *Graham* (1886), 106 Ind. 195, 6 N. E. 594, 55 Am. Rep. 727; *Warring* v. *Hill* (1883), 89 Ind. 497. The chief difficulty in this case arises in applying the law to the peculiar facts of this case, and the parties differ widely as to the effect of the pleadings, procedure, verdict, and judgment in the suit brought by Milligan.

The special answer of appellees, in which they allege facts to show that they were indorsers of the note in due course of business, after it had been ne- 2. gotiated and transferred by the payee, and that appellant was liable as an original maker, and by which they sought to have her property exhausted before levying upon their property to satisfy any judg-

ment that might be rendered on the note in favor of the plaintiff, sought affirmative relief against appellant and, though in name an answer, was in fact a cross-complaint. *Newton* v. *Pence* (1894), 10 Ind. App. 672, 674, 675, 38 N. W. 484; *Heaton* v. *Lynch* (1894), 11 Ind. App. 408, 410, 38 N. E. 224; *Browning* v. *Merritt* (1878), 61 Ind. 425, 428; *Wright* v. *Anderson* (1889), 117 Ind. 349, 20 N. E. 247; *Bass* v. *Smith* (1878), 61 Ind. 72, 74.

No process was issued against appellant on the cross-complaint of appellees in the original suit, and she filed no answer or other pleading thereto, but the record shows that the issue raised by the cross-complaint was submitted to and tried by the jury without objection as well as the issue of the liability of the defendants to the plaintiff presented by the complaint.

Section 1269 Burns 1914, §1212 R. S. 1881, provides: "When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff."

While the question of suretyship may be put in issue and be tried and determined at the trial of the principal cause, or before or after such trial, and the question does not necessarily affect the case of the plaintiff, yet as to all parties who are in court on the complaint, where the issue presented by the cross-complaint is related to the subject-matter of the complaint, it has been held that such parties need not have process served upon them to appear and answer such cross-complaint, and that it is the duty of the par-

ties so in court to take notice thereof without further summons or notice, and where they actually participate in the trial of the case, either with or without an answer to such cross-complaint, they are bound by the judgment rendered thereon. *Bevier* v. *Kahn* (1887), 111 Ind. 200, 12 N. E. 169; *Bowman* v. *Citizens' Nat. Bank* (1900), 25 Ind. App. 38, 46, 56 N. E. 39; *Lewis* v. *Bortsfield* (1881), 75 Ind. 390, 393; *Jenkins* v. *Newman* (1890), 122 Ind. 99, 102, 23 N. E. 683; *Eisman* v. *Whalen* (1906), 39 Ind. App. 350, 355, 79 N. E. 514, 1072; *Montgomery* v. *Vickery* (1887), 110 Ind. 211, 11 N. E. 38; *Thompson* v. *Harlow* (1897), 150 Ind. 450, 452, 50 N. E. 474; *Clements* v. *Davis* (1900), 155 Ind. 624, 631, 57 N. E. 905.

*Lewis* v. *Bortsfield, supra,* was a partition suit in which one of the defendants filed a cross-complaint in which she alleged that she was the owner in fee of an undivided interest in the real estate, and prayed for partition thereof. There was no summons on the cross-complaint and no appearance or answer thereto by one of the defendants, and on appeal it was contended by such defendant, the appellant in the Supreme Court, that the judgment was not binding upon him because there was no appearance to or issue upon the cross-complaint, and the court in disposing of the question said: "It is clear that appellant's failure to answer, or join issue upon, the cross-complaint of Susannah Goings, affords him no ground for the reversal of the judgment below; after trial, without objection on that ground, although no answer was filed to the cross-complaint, it will be regarded and held, on appeal, as if an answer in denial had been filed. *Casad* v. *Holdridge,* 50 Ind. 529; *Purdue* v. *Stevenson,* 54 Ind. 161; *Bass* v. *Smith,* 61 Ind. 72. Nor will the alleged fact, that there was no appearance by appellant to the cross-complaint, afford him any ground for the reversal of

the judgment. He appeared fully in the action, as shown by the record, both before and after the filing of the cross-complaint, and was bound therefore, to take notice of the cross-complaint, without the issue and the service of process thereon. It is only where one of two or more defendants, after personal service, makes default in the original action, and another defendant files a cross-complaint, setting up new matter not apparent on the face of the original complaint, that the defaulting defendant must be served with process issued on such cross-complaint, before any judgment by default can be taken or rendered against him on such cross-complaint."

In *Bowman* v. *Citizens' Nat. Bank, supra,* this court reviewed the decisions on the subject of a cross-complaint against parties already in court and applied the rule stated in *Lewis* v. *Bortsfield, supra,* to the question of suretyship where the parties were present at the trial and held that the court had jurisdiction to determine the issue presented by the cross-complaint, although no process was issued thereon and no answer was filed thereto.

An appellate court will look to the whole record to determine the theory upon which a case was tried and disposed of in the lower court. *Blanchard, etc.,*

4. *Furniture Co.* v. *Colvin* (1903), 32 Ind. App. 398, 402, 69 N. E. 1032; *Hobbs* v. *Town of Eaton* (1906), 38 Ind. App. 628, 630, 78 N. E. 333; *Shew* v. *Hews* (1891), 126 Ind. 474, 476, 26 N. E. 483.

The trial court and all the parties having proceeded on the theory of determining the rights and liabilities of the defendants to Milligan's suit as between

5. themselves as well as the liability of such defendants to the plaintiff, the appellees in this appeal by so proceeding without objection or motion to the contrary will be held to have waived an answer by

appellant to their cross-complaint against her, and the same will be considered at issue by the general denial which the law directs to a pleading under such conditions. *Buchanan* v. *Berkshire Life Ins. Co.* (1884), 96 Ind. 510, 516; *Helm* v. *First Nat. Bank* (1883), 91 Ind. 44, 47; *Hose* v. *Allwein* (1883), 91 Ind. 497, 501; *Johnson* v. *Briscoe* (1884), 92 Ind. 367; *Smith* v. *McDonald* (1911), 49 Ind. App. 464, 467, 97 N. E. 556.

Until the question of suretyship is judicially determined all defendants to the judgment are deemed primarily liable to the plaintiff and cannot claim 6. the statutory rights of sureties until they have obtained an adjudication thereof in their favor. *Bowman* v. *Citizens' Nat. Bank, supra,* 47; *Knopf* v. *Morel, supra; Voss* v. *Lewis* (1890), 126 Ind. 155, 157, 25 N. E. 892; *Oglebay* v. *Todd* (1905), 166 Ind. 250, 254, 76 N. E. 238.

The general verdict finds all the defendants, appellant and appellees, equally and jointly liable without any distinction, modification, or conditions as to whose property should be first exhausted. The judgment is properly in accordance with the verdict. There was no motion to have the jury find specifically on the issue of the cross-complaint, to modify or change the judgment, for a new trial or for a *venire de novo*.

The rule is well established that everything which might have been determined under the issues in a cause will be presumed to have been adjudicated. 7. *Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521, 526, 99 N. E. 47, and cases cited. *Kilander* v. *Hoover* (1887), 111 Ind. 10, 14, 11 N. E. 796; *McBurnie* v. *Seaton* (1887), 111 Ind. 56, 59, 12 N. E. 101.

Appellees by their cross-complaint brought into the original case the issue between them and appellant, and the record shows that such issue was actually

8. submitted to and tried by the jury. The question comes to us in this case not simply as one which might have been determined under the issues, but one which was actually an issue in the case, submitted to and tried by the jury. The judgment rendered makes all the defendants equally and jointly liable for the debt. It remains unmodified and no appeal was taken from it. Where a question is once litigated by the parties, the judgment rendered, though erroneous, cannot be amended or impaired in a collateral attack. The case is readily distinguishable from those suits where the issues tried deal only with the liability of the defendants to the plaintiff, and where no issue of suretyship between the defendants is presented or tried. *Montgomery* v. *Vickery, supra; Mitten* v. *Caswell-Runyan Co., supra; Kilander* v. *Hoover, supra.*

While the statute, *supra,* speaks of sureties only, it is remedial in character and should receive a liberal construction to advance the remedy the legislature intended to provide for all those who came 9. within the purview of the act. On principle it would seem that it should apply to all cases where some of the defendants are primarily liable and others only secondarily liable, but it is a statutory right and ordinarily is available only to those who come within the purview of the act. Whether the language of the statute is broad enough to warrant the general rule that one who is a regular indorser of paper after it is in circulation may avail himself of the remedy provided by the statute, over the objection of other defendants to the suit, we need not decide, for, as above indicated, appellants brought the issue into the case, and it was actually tried without objection by any one. Having presented the issue and it having been tried, they cannot in a collateral attack or on appeal avoid the effects of such adjudication. As bearing on the interpreta-

tion and application of the statute see the following: *Lacy* v. *Lofton* (1866), 26 Ind. 324; *Core* v. *Wilson* (1872), 40 Ind. 204, 208; *Harshman* v. *Armstrong* (1873), 43 Ind. 126, 132; *Nurre* v. *Chittenden* (1877), 56 Ind. 462, 464; *Williams* v. *Fleenor* (1881), 77 Ind. 36; *Bowman* v. *Citizens' Nat. Bank, supra; Clements* v. *Vanausdall* (1913), 180 Ind. 490, 494, 103 N. E. 343; *Porter* v. *Huie* (1910), 94 Ark. 333, 126 S. W. 1069, 28 L. R. A. (N. S.) 1039, notes; Sheldon, Subrogation (2d ed.) §§181, 182; 1 Daniels, Negotiable Instruments (6th ed.) §§703, 703a, 704; *Altoona, etc., Bank* v. *Dunn* (1892), 151 Pa. 228, 25 Atl. 80, 31 Am. Dec. 742, 745, and notes.

The record in this case presents an anomalous situation. It indicates that appellant was primarily liable as surety on the note sued upon by Milligan and that appellees were regular indorsers. The instructions and interrogatories clearly indicate that the issues of appellees' cross-complaint were submitted to and tried by the jury. The judgment rendered did not give to appellees the relief they were entitled to obtain, but the issues presented the question of their rights, and, having been once tried and determined, they cannot be again litigated. *Armstrong* v. *Harshman* (1878), 61 Ind. 52, 54, 28 Am. Rep. 665. To attempt to do so in this suit would be a collateral attack on that judgment and would be unavailing. The judgment in the former case should have covered the question of appellees' secondary liability, as against appellant, but it does not do so, and we must accept it as it is. *Starkey* v. *Starkey* (1905), 166 Ind. 140, 142, 76 N. E. 876. From this it follows that under the judgment rendered in the original suit appellant and appellees are primarily liable, and payment of the judgment by appellant entitled her to enforce contribution against appellees.

The facts stated in the special answer do not constitute a defense to appellant's cause of action, and the court erred in overruling appellant's demurrers to the second paragraph of the answer of each of the appellees to her complaint.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, to sustain the demurrers aforesaid, and for further proceedings not inconsistent with this opinion.

Ibach, P. J., Dausman, Caldwell, Batman and Hottel, JJ., concur.

NOTE.—Reported in 116 N. E. 433.